JAMES W. G. WALKER *vs.* NINA CHINN WALKER.

Oxford. Opinion January 24, 1914.

*Demurrer. Desertion. Divorce. Jurisdiction. Motion. Residence.*

Libel for divorce. Neither party resided in Maine when the alleged causes of divorce occurred.

*Held:*

1. The provisions of Revised Statutes, chapter 62, section 2 are to be construed as plainly giving jurisdiction to our courts in divorce proceedings, when the libellant had resided here in good faith for one year prior to the commencement of proceedings.

2. It matters not whether the guilty party transgressed within or without the limits of the State, as the statute makes no exception or restriction.

3. The libellant alleges in his libel that he had resided in the town of Brownfield, in the County of Oxford, in good faith for more than one year prior to the commencement of these proceedings.

On report. Motion to dismiss overruled. Demurrer overruled. Libellee to plead over.

This is a libel for divorce. The libellant alleges that he was married to the libellee at Washington, in the District of Columbia, on the 24th day of February, 1897, and that thereafter they lived

and cohabited as husband and wife in various states of the Union, and also at Kittery, in the county of York, in the State of Maine, until the 19th day of October, 1909, when his wife utterly deserted him and had continued such desertion to the filing of the libel, being January 27, 1913, and that she had also been guilty of cruel and abusive treatment of libellant. The libellant alleged that he has resided in Brownfield in the county of Oxford, Maine, in good faith for more than one year prior to the commencement of these proceedings. At the March term of Supreme Judicial Court for Oxford County, 1913, the libellee filed a motion to dismiss said libel for want of jurisdiction in the court, and said libelee also filed a demurrer to said libel. At the hearing in the above case, upon the motion to dismiss, by agreement of the parties, the case was reported to the Law Court next to be holden at Portland, upon the following stipulation; that if the motion to dismiss is not granted, it may be considered that the demurrer has been filed as of the first term and that if the demurrer is overruled, the libellee to have the right to plead over. The libel, motion to dismiss, demurrer with this order of court to make the report of this case.

The case is stated in the opinion.

*Symonds, Snow, Cook & Hutchinson,* for libellant.

*Payson & Virgin, and Eben Winthrop Freeman,* for libellee.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, PHIL-BROOK, JJ.

PHILBROOK, J. This is a libel for divorce based on alleged desertion for more than three consecutive years next prior to the filing of the libel, and for alleged cruel and abusive treatment. The libel is in the usual form and alleges, among other things, that the parties were married at Washington in the District of Columbia, that after their marriage they cohabited as husband and wife in various states of the Union, and that they so cohabited at Kittery in our county of York; also that the libellant, at the time of bringing the libel was a resident of Brownfield in our county of Oxford, and that he had resided in said Brownfield, in good faith, for more than one year prior to the commencement of these proceedings.

The libellee appeared specially and filed a motion to dismiss on the ground of want of jurisdiction. A demurrer was also filed, and by suggestion of the presiding Justice the parties agreed that the Law Court might pass upon the demurrer if the motion to dismiss is not granted, it being understood that the libellee does not appear generally unless the motion to dismiss is overruled, and that if the demurrer should be overruled then the libellee is to have the right to plead over. The case is before us on report, which report consists only of the libel, the motion to dismiss, the demurrer and the order of court authorizing the report. No testimony is presented.

The libellee sets forth five claims in support of her motion to dismiss, but in the argument of her counsel those claims are more succinctly contained in three statements viz.: 1. That unless the causes of divorce occurred while the marital domicil was in Maine, this court has no jurisdiction; 2. That if it does not appear that either of the parties resided in Maine when the causes occurred, this court has no jurisdiction; 3. That statutes relating to divorce should be so interpreted that the courts will recognize only those who resided here when the cause occurred, and thus enable the courts of other states to give to our decrees the full faith and credit which our courts give to others.

Our statute enumerates the causes for which a divorce may be decreed, among them being utter desertion continued for three consecutive years next prior to the filing of the libel, and cruel and abusive treatment, these causes being the ones upon which the libellant depends. But the same statute, R. S., chapter 62, section 2, contains the limiting proviso, "that if the parties were married in this state or cohabited here after marriage, or if the libelant resided here when the cause of divorce accrued, or had resided here in good faith for one year prior to the commencement of proceedings, or if the libellee is a resident of this state." Although cohabitation in this State after marriage would seem to satisfy the proviso of our statute, if the parties were actually dwelling together in some place in this State, and not temporary visitors only, (*Calef* v. *Calef,* 54 Maine, 365) we are not called upon to discuss that question at this time because counsel for the libellant distinctly states in his argument that his client comes under the provision, "or had resided here in good faith for one year prior to the commencement of the proceedings."

It is an elementary proposition that our courts derive their powers, authority and jurisdiction largely from the solemn enactments of the Legislature. It has been well said that: "The constitution does not define the extent, or prescribe the limits of the judicial power. The Supreme Court cannot exercise its judicial power by virtue of the constitution alone, but must ascertain the extent of its powers and duties from the enactments of the Legislature. The judicial power is therefore, in our constitution, whatever the laws of the state, from time to time enacted, declare it to be." Opinion of the Justices, 16 Maine, at page 483. From page 485 of the opinion just cited we also borrow the following: "Under written constitutions and laws, defining the powers and duties of the different departments of government, the justness of the old maxim, that a good judge acts well his part by enlarging his jurisdiction, is not perceived. The better rule would seem to be for all to exercise the powers granted, without any attempt to enlarge or restrict them by a strained construction."

Since our Legislature has not only prescribed the causes on account of which injured parties may lawfully ask from this court a dissolution of the marriage contract, but has also by some provisions marked out the boundaries of our jurisdiction to a certain extent, it may be well anticipated that under such circumstances we shall respect the mandates of the law-making body of this State. It follows therefore that decisions from courts of last resort in states whose statutes are different from those of our own, and ethical or philosophical discussions upon the subject will not easily tempt us to wander into the paths of enlargement or restriction "by a strained construction."

As to the question of jurisdiction in the cause at bar, the statutes of this State seem particularly plain and explicit. If the libellant resides here when the cause of divorce accrues, our court has immediate jurisdiction. Can anything be stated more clearly? It matters not whether the guilty transgressed within or without the limits of the State. The statute makes no exception or restriction. On the other hand, in equally clear language, the statute declares that this court has jurisdiction if the libellant had resided here in good faith for one year prior to the commencement of proceedings, regardless of when or where the cause of divorce occurred. If the

Legislature had intended, as claimed by the libellee, that our court should have jurisdiction only when the marital domicil was in Maine at the time the causes of divorce accrued, or that one of the parties must have resided here when the causes accrued, why did it not say so instead of using the simple straightforward language found in our statute. Such language neither needs nor admits of construction. "It is only when the words of a statute are obscure, or doubtful, that we have any discretionary power in giving them a construction." *Coffin* v. *Rich,* 45 Maine, 507.

Upon this question of jurisdiction the court of Massachusetts, in *Franklin* v. *Franklin,* 190 Mass., 349, has said: "Jurisdiction depends upon the situs of the libellant, and not upon the place of the marriage, or of the commission of the offence against the marital relation." This same principle is confirmed and elaborated in *Clark* v. *Clark,* 191 Mass., 128. The statutes of Massachusetts relating to divorce are such as to make the cases just cited particularly applicable to the case at bar.

It becomes unnecessary to discuss the demurrer as no points are raised therein which have not been disposed of by what we have said regarding the motion to dismiss.

*Motion overruled.*
*Demurrer overruled.*
*Libellee to plead over.*