**STATE of Maine**

**v.**

**Stephen D. HOOD.**

Supreme Judicial Court of Maine.

Argued Sept. 18, 1984.

Decided Oct. 26, 1984.

Gene Libby, Dist. Atty., Michael E. Saucier, David D. Gregory (orally), Asst. Dist. Attys., Alfred, for the State.

Michelle Robert (orally), Biddeford, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

VIOLETTE, Justice.

The State appeals from an order of the District Court in Biddeford granting a motion to suppress made by the defendant, Stephen Hood. The State filed this appeal during the defendant's trial. We conclude that the statute governing the State's right to seek review in criminal cases, 15 M.R.S.A. § 2115–A (1980 & Supp.1983), does not authorize such an appeal. Accordingly, we

dismiss the State's appeal for lack of jurisdiction.

On October 21, 1983, the defendant was arrested and charged with operating a motor vehicle after the suspension of his driver's license in violation of 29 M.R.S.A. § 2184 (Supp.1983). The defendant contended that the events leading up to his arrest constituted an unlawful detention of him by the arresting officer. On December 5, 1983, the defendant moved the District Court to suppress certain evidence of his operation after suspension as the product of the allegedly unlawful detention.

On December 13, 1983, the District Court judge deliberately postponed deciding the motion to suppress and began the defendant's trial. On February 3, 1984, after the State had presented evidence to the trial court but before any judgment on the merits, the District Court judge granted the motion to suppress.[1] The State appeals from this midtrial order of the District Court.[2]

■ The ability of the State to appeal in criminal cases depends exclusively upon 15 M.R.S.A. § 2115–A (1980 & Supp.1983). Apart from this legislative grant, the prosecution has no right to appeal. *See State v. Fernald,* 381 A.2d 282, 285 (Me.1978). The right of the State to appeal in a particular instance "will not be taken to have been legislatively conferred by indirection or implication but only by legislation explicitly addressing the subject in express language of unmistakably plain meaning."

---

1. February 3, 1984 is the date the judge signed the suppression order and forwarded it to the clerk. The clerk made no entry in the criminal docket, however, until March 21, 1984. *See infra* note 2.

2. The defendant challenges the timeliness of the State's appeal. We reject any contention that the appeal of the suppression order came too late. In fact, because of an unusual problem with docketing in this case, the State's appeal was technically premature. The period for the State to file its notice of appeal runs from the "entry of the judgment or order appealed from." *See* 15 M.R.S.A. § 2115–A(4) (Supp.1983); M.D. C.Crim.R. 37(c). "A judgment or order is en-

tered ... when it is entered in the criminal docket." M.R.Crim.P. 37(c) (applicable to District Court proceedings through M.D.C.Crim.R. 37(c)). In this case, because of a problem in the clerk's office with the transition from manual to computer docketing, the clerk made no entry in the criminal docket pertaining to the suppression order until March 21, 1984, *after* the State filed its notice of appeal on March 15, 1984. We treat the appeal as if the State filed it on March 21, 1984, after the suppression order was docketed. *See* M.R.Crim.P. 37(c) (applicable to District Court proceedings through M.D.C. Crim.R. 37(c)).

*Id.* (quoting *State v. Kelly,* 376 A.2d 840, 843 (Me.1977)).

 The plain language of section 2115–A[3] makes an appeal by the State possible at only two times, before trial and after trial. 15 M.R.S.A. § 2115–A(1), (2) (1980). The statute does not authorize an appeal by the State between the attachment of jeopardy[4] and the end of trial. 15 M.R.S.A. § 2115–A(1), (2), (4) (1980 & Supp. 1983). The State filed its appeal in this case after the attachment of jeopardy but before the end of the defendant's trial.

The State nevertheless contends that this appeal is authorized by section 2115–A. The State first asserts that section 2115–A was intended to allow the prosecution to appeal whenever that appeal would not offend the double jeopardy clause of either the Maine or the United States Constitution. *See State v. Howes,* 432 A.2d 419, 423 (Me.1981). The State next observes that section 2115–A is to be "liberally construed to effectuate its purposes." 15 M.R.S.A. § 2115–A(6) (Supp.1983). The State concludes that a liberal construction of section 2115–A would allow this appeal because it does not threaten to place the defendant twice in jeopardy.

 We must refuse the State's invitation to proceed "beyond the plain and necessary meaning of the [legislative] grant." *See State v. Fernald,* 381 A.2d 282, 285 (Me.1978); *State v. Kelly,* 376 A.2d 840, 843 (Me.1977). When statutory language is clear and unambiguous, we will not look beyond it. *See Robbins v. Foley,* 469 A.2d 840, 842–43 (Me.1983). The plain language of section 2115–A does not authorize an appeal by the State *during* a criminal trial, regardless of whether that appeal would be constitutionally permissible.[5] 15 M.R.S.A. § 2115–A(1), (2), (4) (1980 & Supp.1983). Accordingly, we have no jurisdiction to hear the State's appeal.

Our decision is consistent with federal case law on this subject. Section 2115–A is analogous in several important respects to the statute governing appeals by the United States in criminal cases, 18 U.S.C. § 3731 (1976). Section 3731 provides for a liberal construction of its provisions. Further, the federal courts have stated that the purpose of section 3731 is to permit appeals by the prosecution "whenever the constitution would permit." *United States v. Wilson,* 420 U.S. 332, 337, 95 S.Ct. 1013,

---

**3.** Section 2115–A, in pertinent part, provides:

 1. **Appeals prior to trial.** An appeal may be taken by the State in criminal cases on questions of law from the District Court and from the Superior Court to the law court: From an order of the court prior to trial which suppresses any evidence, including, but not limited to, physical or identification evidence or evidence of a confession or admission; from an order which prevents the prosecution from obtaining evidence; from a pretrial dismissal of an indictment, information or complaint; or from any other order of the court prior to trial which, either under the particular circumstances of the case or generally for the type of order in question, has a reasonable likelihood of causing either serious impairment to or termination of the prosecution.

 2. **Appeals after trial.** An appeal may be taken by the State from the Superior Court or the District Court to the law court after trial and after a finding of guilty by a jury or the court from the granting of a motion for a new trial, from arrest of judgment, from dismissal or from other orders requiring a new trial or resulting in termination of the prosecution in

favor of the accused, when an appeal of the order would be permitted by the double jeopardy provisions of the Constitution of the United States and the Constitution of Maine.

 . . . .

 4. **Time.** An appeal taken pursuant to subsection 1 or 2 shall be taken within 20 days after the entry of the order or such further time as may be granted by the court pursuant to a rule of court, and an appeal taken pursuant to subsection 1 shall also be taken before the defendant has been placed in jeopardy. An appeal taken pursuant to this subsection shall be diligently prosecuted.

 . . . .

**4.** Jeopardy attaches when the jury is sworn or, in proceedings without a jury, when trial begins before the judge. *State v. Linscott,* 416 A.2d 255, 258 (Me.1980).

**5.** Because of our conclusion based on the language of section 2115–A, we do not reach the issue of whether this appeal would offend the double jeopardy clause or any other provisions of the Maine or the United States Constitution.

43 L.Ed.2d 232 (1975), *quoted in State v. Howes,* 432 A.2d 419, 423 (Me.1981). The federal courts nevertheless have concluded that the plain language of section 3731 does not allow an appeal by the government *during* a criminal trial, regardless of whether such an appeal would be constitutionally permissible. *See, e.g., United States v. Ember,* 726 F.2d 522, 525 n. 6 (9th Cir.1984); *United States v. Harshaw,* 705 F.2d 317, 319 (8th Cir.1983); *United States v. Payner,* 572 F.2d 144, 145 (6th Cir.1978).

Finally, we observe that although the District Court entered the suppression order *during* trial, the defendant filed the motion to suppress over a week *before* trial. Indeed, except in unusual circumstances, such a motion must be filed before trial. M.R.Crim.P. 41A(b) (applicable to District Court proceedings through M.D.C. Crim.R. 41(a)). The State made no effort to have the motion resolved before jeopardy attached. Such a pretrial ruling would have preserved the State's right to appeal an adverse decision. 15 M.R.S.A. § 2115–A(1), (4) (1980 & Supp.1983).

In summary, the State is limited to the appeal rights granted by the plain language of section 2115–A. Because this appeal is not authorized by any provision of that statute, we have no jurisdiction over it.

The entry is:

Appeal dismissed.

All concurring.