**STATE of Maine**

v.

**Sandra STEVENS.**

Supreme Judicial Court of Maine.

Argued June 2, 1986.

Decided June 23, 1986.

James E. Tierney, Atty. Gen., Charles K. Leadbetter, Wayne S. Moss (orally), Asst. Attys. Gen., Augusta, for plaintiff.

Jolovitz & Niehoff, Edmund Folsom (orally), Waterville, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

The State appeals, pursuant to 15 M.R.S.A. § 2115–A (1980), from an order of the Superior Court (Kennebec County) dismissing an indictment that charged defendant Sandra Stevens with the rape of a thirteen year-old boy. *See* 17–A M.R.S.A. § 252(1)(A) (1983). The Superior Court ruled that section 252 does not encompass males as victims of rape. We conclude that section 252 is gender-neutral, contemplating male as well as female victims. Accordingly, we vacate the order of the Superior Court.

Maine's rape statute provides in relevant part:

A person is guilty of rape if he engages in sexual intercourse:

With any person, not his spouse, who has not in fact attained his 14th birthday....[1]

17–A M.R.S.A. § 252(1)(A). Sexual intercourse is defined as "any penetration of the female sex organ by the male sex organ." 17–A M.R.S.A. § 251(1)(B) (1983). The Superior Court found that section 252, together with the definition of sexual intercourse, sets forth the offense of rape in gender-neutral terms. The court held, however, that the comments prepared by the drafters of the criminal code demonstrated the Legislature's intent to confine the protection afforded by section 252 to females only. Specifically, the court noted that the comment to section 252 reflects an intent to carry forward, without alteration, Maine's former statutory rape law, which was explicitly confined to female victims. *See* 17 M.R.S.A. § 3151 (1964); *State v. Rundlett*, 391 A.2d 815, 817 (Me.1978). In addition, the court pointed to the comment to section 253, gross sexual misconduct, which refers to the victims of rape as female. *See* 17–A M.R.S.A. § 253 (1983) comment.

We agree with the Superior Court that the statutory language in question is gender-neutral, and thus, on its face applies equally to male victims as well as female victims.[2] Given the statute's plain language, we must faithfully apply it to both male and female victims unless the context of the statute's enactment manifestly reveals a contrary legislative intent. *Anderson v. Cape Elizabeth School Board*, 472 A.2d 419, 421 (Me.1984). In the present case, the comments relied upon by the Superior Court do not provide a reason for disregarding the plain language chosen by the Legislature.

The comments to section 252 and 253 were prepared by the Criminal Law Revision Commission to accompany an initial proposed draft of Maine's Criminal Code.

---

**1.** Under 17–A M.R.S.A. § 2(14), the personal pronouns he and she are made interchangeable. The text of the substantive offense uses only the male form of the personal pronoun.

**2.** On appeal, defendant argues that the definition of sexual intercourse connotes the male as actor, thereby restricting the victims of offenses involving sexual intercourse to females. We disagree. The definition reflects the biological reality that during intercourse the male sex organ penetrates the female sex organ, but we do not interpret that definition as determining the sex of the perpetrator of crimes involving sexual intercourse. Our conclusion is bolstered by the Criminal Code's use of the same definition with regards to prostitution, an offense traditionally associated with female offenders. *See* 17–A M.R.S.A. § 851 (1983).

Commission to Prepare Revision of the Criminal Laws, *Draft Criminal Code*, ch. 23, §§ 2, 3 comments (February 9, 1973). In that initial draft, the section creating the offense of rape explicitly referred to females as victims. *Id.* § 2. Before submitting the proposed draft to the Legislature, the Commission altered the rape section to define the offense in gender-neutral terms. The comments, however, were never amended to reflect the incorporation of gender-neutral language into the final draft. *Compare id.* §§ 2, 3 comments *with* 17–A M.R.S.A. §§ 252, 253 comments (1983). In these circumstances, the comments create no contextual impediment to an application of the plain language adopted by the Legislature.

When viewed in light of the evil the Legislature sought to remedy and in conjunction with accompanying provisions, our construction of section 252 is confirmed. Section 252 was enacted as part of a comprehensive codification of Maine's criminal laws, in the process of which the laws governing sex offenses were revised and consolidated into four sections. *See* 17–A M.R.S.A. §§ 252–255 (1983 & Supp.1985–1986). Each of the four sections is drafted in gender-neutral language, and each contains a provision criminalizing sexual conduct based strictly on the age of the participants. *Id.* §§ 252(1)(A), 253(1)(B), 254(1), 255(1)(C). Taken together, these statutes represent a comprehensive effort on behalf of the Legislature to outlaw the sexual exploitation of children, whether male or female. We conclude that the plain language of section 252(1)(A) must be construed in harmony with this comprehensive legislative scheme to encompass both male and female victims.

The entry is:

Order dismissing indictment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.