**David LANZO**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Argued March 12, 1987.
Decided April 13, 1987.

---

Thomas R. Downing (orally), Hardy, Wolf & Downing, P.A., Lewiston, for plaintiff.

Gerard O. Fournier (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Defendant State Farm Mutual Automobile Insurance Company appeals from a judgment of the Superior Court (Franklin County) in favor of its insured, David Lanzo, on a claim for uninsured motorist benefits. On appeal, defendant contends that the Superior Court erred in concluding that physical contact was unnecessary to recover such benefits under the insurance policy issued by defendant, and erred in allowing the plaintiff's claim even though he failed to give notice as required by the insurance policy. Finally defendant contends that there was insufficient evidence to support the jury's finding that the plaintiff was injured as a result of the negligence of a hit-and-run driver. We find no error and we affirm the judgment.

The jury would have been warranted in finding the following facts: On the evening of October 28, 1981, plaintiff was driving his 1977 Chevrolet 4 × 4 truck on Route 17 in Rangeley. A car approached him with its bright lights on. This section of the road was unpaved and under construction. The traveled portion of the roadway was narrow and plaintiff testified that the oncoming vehicle was traveling in the middle of the road. When the vehicle failed to move over as it approached plaintiff's vehicle, plaintiff sharply cut the wheel to

avoid a collision and went off the road. There was no contact between the two cars and the other vehicle left the scene. The identity of the driver of the other vehicle is unknown. Plaintiff sustained personal injuries in the accident.

Although plaintiff notified the Sheriff's Department of his accident a day or two after he was released from the hospital, he did not inform his insurance company until 1½ years after the event. In the resulting trial, the Superior Court ruled that there is no requirement of physical contact between the two vehicles in order for liability to arise under the insurance policy. As part of its verdict, the jury determined that plaintiff did not breach the terms of the insurance policy by failing to give notice. Ultimately, the jury found for plaintiff and returned a verdict for $35,000. Defendant appeals from the judgment entered on the verdict of the jury.

## I.

Maine law requires that all automobile liability insurance policies provide uninsured motorist coverage.

> No policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any such vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto *for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured, underinsured or hit-and-run motor vehicles,* for bodily injury, sickness or disease, including death, resulting from the ownership, maintenance or use of such uninsured, underinsured or hit-and-run motor vehicles. ...

24–A M.R.S.A. § 2902(1) (Supp.1986) (emphasis added). The insurance policy issued to plaintiff provided uninsured motorist coverage but defined an "uninsured motor vehicle" as:

> 2. A "hit-and-run" land motor vehicle whose owner or driver remains unknown and which strikes:

> a. the insured, or

> b. the vehicle the insured is occupying and causes bodily injury to the insured.

On appeal, the defendant argues that the policy requirement of physical contact is consistent with 24–A M.R.S.A. § 2902(1) because contact is necessarily an element of the phrase "hit-and-run."

Courts are divided as to whether the statutory phrase "hit-and-run" requires actual physical contact. A number of jurisdictions have upheld policy provisions requiring physical contact for recovery under uninsured motorist coverage. These cases hold that such a requirement is consistent with the aims of the uninsured motorist statute and serves the policy of preventing fraudulent claims. *See, e.g., Ferega v. State Farm Mutual Automobile Insurance Co.,* 58 Ill.2d 109, 317 N.E.2d 550 (1974); *Ely v. State Farm Mutual Automobile Insurance Co.,* 148 Ind.App. 586, 268 N.E.2d 316 (1971).

Other jurisdictions have voided similar contract provisions requiring physical contact on the ground that the policy is more restrictive than the statute. These courts simply refuse "to permit the insurance companies to use technical and limiting terminology to circumvent the statutory policy of requiring insurance coverage for all persons entitled to recover from a negligent, uninsured or unknown motor vehicle operator." *State Farm Mutual Automobile Insurance Co. v. Abramowicz,* 386 A.2d 670 (Del.Supr.1978). *See, e.g., Surrey v. Lumbermens Mutual Casualty Co.,* 384 Mass. 171, 424 N.E.2d 234 (1981); *Soule v. Stuyvesant Insurance Co.,* 116 N.H. 595, 364 A.2d 883 (1976); *Hartford Accident and Indemnity Co. v. Novak,* 83 Wash.2d 576, 520 P.2d 1368 (1974).

We have not previously addressed the issue now before us. *See Waycott v. Northeast Insurance Company,* 465 A.2d 854, 856 (Me.1983). In analyzing whether 24–A M.R.S.A. § 2902(1) allows an insurance contract to require physical contact to recover under an uninsured motorist provision, the statute must be construed to give effect to the intent of the Legislature.

*Cummings v. Town of Oakland,* 430 A.2d 825, 829 (Me.1981), *dismissed* 454 U.S. 1134, 102 S.Ct. 988, 71 L.Ed.2d 286 (1982). Legislative intent is ordinarily determined from an examination of the wording of the statute. *State Farm Mutual Automobile Insurance Company v. Universal Underwriters Insurance Company,* 513 A.2d 283, 286 (Me.1986). When the statutory language is clear and unambiguous, this Court will not look beyond it. *State v. Hood,* 482 A.2d 1268, 1270 (Me.1984).

■ The legislative focus in enacting section 2902(1) was to provide recovery for injuries caused by financially irresponsible drivers. *Brackett v. Middlesex Insurance Co.,* 486 A.2d 1188, 1190 (Me.1985). The descriptive language of the statute refers to a class of operators rather than a particular type of accident. The short hand expression "hit-and-run" as used in the statute, serves to describe an accident involving an unknown driver and does not create a requirement that the accident involve physical contact. A contrary construction would lead to the anomalous result that victims of an uninsured or underinsured driver could recover in the absence of contact but the victim of an unknown driver could not. We find nothing in the language of the statute to support defendant's argument that what appears to be an anomaly was in fact intentionally created by the Legislature as a means of preventing fraudulent claims.

■ The policy definition in this case is repugnant to the statute. "When provisions of an insurance policy conflict with mandatory statutory provisions, the statutory provisions must prevail." *State Farm Mutual Automobile Insurance Company v. Universal Underwriters Insurance Company,* 513 A.2d 283, 285 (Me.1986). We conclude that the uninsured motorist provision in the defendant's policy impermissibly limits uninsured motorist coverage. The Superior Court committed no error in holding that physical contact is not required.

## II.

■ Defendant raised as an affirmative defense, plaintiff's failure to give notice of the accident in accordance with the terms of the policy. A special interrogatory was submitted to the jury asking whether plaintiff complied with the notice provisions of the policy. The jury answered in the affirmative. Defendant contends that the plaintiff's claim should be barred because the evidence is uncontroverted that plaintiff did not give notice as required by the terms of the policy. In *Ouellette v. Maine Bonding & Casualty Co.,* 495 A.2d 1232, 1235 (Me.1985), we held that to avoid liability as a result of a failure of notice, a liability insurer must show that the notice provision was breached *and* that the insurer was prejudiced by the insured's delay. Defendant failed to present any evidence of prejudice as required by *Ouellette.* Defendant presented an imperfect affirmative defense and takes nothing from the claim of jury error.

## III.

■ Finally, defendant contends that the evidence was insufficient to support the jury's finding that the hit-and-run driver was negligent. "We will not disturb a jury verdict that is supported by any credible evidence if the jury could rationally reach the result it did." *True v. Ladner,* 513 A.2d 257, 265 (Me.1986). The plaintiff testified that the other driver was traveling at a high rate of speed in the center of a narrow road. The driver approached with bright lights and failed to move over to the side of the road, forcing plaintiff off the road. Such evidence adequately supports the jury's finding of negligence.

The entry is:

Judgment affirmed.

All concurring.