STATE of Maine

v.

EDWARD C.

Supreme Judicial Court of Maine.

Argued Aug. 31, 1987.
Decided Oct. 2, 1987.

R. Christopher Almy, Dist. Atty., Philip Worden, (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Logan, Kurr & Hamilton, Harold C. Hamilton (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

In a juvenile adjudicatory hearing, the District Court, Bangor, found Edward C. guilty of gross sexual misconduct in violation of 17–A M.R.S.A. § 253(1)(B) (1983). On appeal, Edward C. contends that section 253(1)(B) does not apply to a sexual act between two children, both under the age of fourteen. Because of the plain language of the statue, we must affirm the decision of the District Court.

▇ The evidence before the juvenile court was sufficient to support the finding of that court that in March 1985, Edward C., age thirteen, while babysitting an eight-year-old girl, had sexual intercourse with her.

On appeal, Edward C. argues that the purpose of the gross sexual misconduct statute is to criminalize the exploitation of children, not to penalize the children themselves. *See State v. Stevens,* 510 A.2d 1070, 1072 (Me.1986) (construing 17–A M.R.S.A. § 252(1)(A)). Such a construction implies a class of protected individuals that would include Edward C. just as it includes any other child under the age of fourteen. While we find much merit in this argument, the plain language of the statute compels us to hold that a child under fourteen years of age can be prosecuted for gross sexual misconduct.

▇ The "fundamental rule" in statutory construction is that the legislative intent as divined from the statutory language controls the interpretation of the statute. *Raymond v. State,* 467 A.2d 161, 164 (Me.1983). Unless the statute reveals a contrary intent, the words "must be given their plain, common and ordinary meaning." *Id.* (citing *State v. Vainio,* 466 A.2d 471, 474 (Me.1983), *cert. denied,* 467 U.S. 1204, 104 S.Ct. 2385, 81 L.Ed.2d 344 (1984)). We will not look beyond clear and unambiguous statutory language. *State v. Hood,* 482 A.2d 1268, 1270 (Me.1984). To determine legislative intent when there is an ambiguity in the statute, the court may look beyond the words themselves to the history of the statute, the policy behind it, and contemporary related legislation. *Mundy v. Simmons,* 424 A.2d 135, 137 (Me.1980); *Walker v. Walker,* 111 Me. 404, 408, 89 A. 373, 374 (1914) (citation omitted).

Section 253(1)(B) provided, in pertinent part, that

A person is guilty of gross sexual misconduct

1. If he engages in a sexual act with another person, not his spouse, and

. . . .

B. The other person has not in fact attained his 14th birthday.[1]

The statute clearly provides that any "person" can commit gross sexual misconduct.[2] The statute does not require that this person be of a minimum age. In contrast, related statutes, which criminalize sexual abuse of minors between the ages of fourteen and sixteen (17–A M.R.S.A. § 254(1) (1983), amended by § 254(1)(A) (Supp.1986)) and sexual contact with minors under fourteen (17–A M.R.S.A. § 255(1)(C) (1983 & Supp.1986)) do specify that the perpetrator be of a certain age.[3] When section 253 is read in the context of these related provisions, it appears that the Legislature, by its omission, did not intend

1. Section 253(1)(B) was amended, effective February 28, 1986, to read:
   A person is guilty of gross sexual misconduct If he engages in a sexual act with another person and
   . . . .
   B. The other person, not his spouse, has not in fact attained his 14th birthday.

2. The criminal code defines person as "a human being or an organization." 17–A M.R.S.A. § 2(20) (1983).

3. The requirements of section 254(1), presently section 254(1)(A) (sexual abuse of minors), are that the perpetrator be nineteen years old and five years older than the victim. Section 255(1)(C) (unlawful sexual contact) requires that the perpetrator be three years older than the victim.

to place an age requirement on the actor that engages in a sexual act with a person under the age of 14 years that is not his spouse.

If the Legislature intended that all children under fourteen years of age that engage in sexual acts be viewed as victims, it is within the province of the Legislature to amend the statute to bring the language in line with this intent. We cannot read an age limitation into the statute. The language of section 253(1)(B) requires us to hold that any person, regardless of age, can be prosecuted for gross sexual misconduct.

The entry is:

Judgment affirmed.

All concurring.