**MAINE HUMAN RIGHTS COMMISSION and Nancy Ellis**

v.

**LE CLUB CALUMET.**

Supreme Judicial Court of Maine.

Argued March 6, 1992.

Decided May 22, 1992.

Hal Weisberger (orally), Gasink & Weisberger, Augusta, for Ellis.

John E. Carnes (orally), Maine Human Rights Com'n, Augusta, for Me. Human Rights Com'n.

Christopher B. Branson, Murray, Plumb & Murray, Portland, for amicus curiae Maine Civ. Liberties Union.

David G. Webbert, Valerie Stanfill (orally), Berman & Simmons, Lewiston, Norman C. Bourget, Bourget & Bourget, Augusta, for Le Club Calumet.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Chief Justice.

Defendant Le Club Calumet appeals from the entry of summary judgment in the Superior Court (Kennebec County, *Delahanty, C.J.*) enjoining it from discriminating against women in its membership selection process. Le Club Calumet challenges the Superior Court's finding that it is a "place of public accommodation" under 5 M.R.S.A. § 4553(8) and therefore subject to the antidiscrimination provisions of the Maine Human Rights Act. Because we conclude that *membership* in Le Club Calumet is not an advantage or privilege of "public accommodation," we find no violation of the Maine Human Rights Act. We vacate the judgment.

Le Club Calumet, founded in 1922 and located in Augusta, is a fraternal organization with the primary purpose of propagating "the French language, and the intellectual development by means of music, literature, education, and any other means which the club judges suitable in the interest of Franco–Americans." Its membership is limited to Franco–American males of legal drinking age. Le Club Calumet currently has over 800 members. It is involved in numerous activities, both "private" and "public" in nature, including: weekly meetings of members (frequently with suppers) in the members-only portion of the clubhouse; suppers, dances, and other social events for members and their guests; annual "fellowship night" with other nonprofit community groups, and "banking night" with area business leaders; annual "Le Festival de la Bastille," a Franco–American festival attracting thousands of people; weekly beano games open to the public; and rental of facilities and catering to other groups or nonmembers. In order to become a member of Le Club Calumet, a male applicant must have a family name of French origin on either the paternal or maternal side. The applicant must submit a written application signed by a sponsoring member and two other members, provide a copy of his birth certificate, and pay a $40.00 fee. Plaintiff Nancy Ellis applied for and was denied membership, although she met all the requirements except gender.

The Maine Human Rights Act, 5 M.R.S.A. §§ 4551–4632 (1989 & Supp.1991), prohibits discrimination in places of public accommodation. 5 M.R.S.A. § 4592(1) (Supp.1991). A "place of public accommodation" is defined as "any establishment which in fact caters to, or offers its goods, facilities or services to, or solicits or accepts patronage from, the general public." 5 M.R.S.A. § 4553(8) (Supp.1991). Although a portion of the club facilities is unquestionably a place of public accommodation, the relevant inquiry is whether section 4592 prohibits discrimination in the membership or ownership of the club or is confined to prohibiting discrimination with regard to the advantages or privileges offered to the public.

In applying the statute, we rely on the intent of the Legislature as it is expressed in the unambiguous language of the statute. *See State v. Edward C.*, 531 A.2d 672, 673 (Me.1987). Section 4592(1) establishes three prerequisites in order to find unlawful discrimination: (1) the party charged is "the owner, lessee, proprietor, manager, superintendent, agent or employee" of a place of public accommodation who (2) refuses or withholds "to any person, on account of race or color, sex, physical or mental disability, religion, ancestry or national origin," (3) "any of the accommodations, advantages, facilities or privileges of public accommodation." Le Club Calumet clearly falls within the first two requirements. It is the owner of an establishment providing services to the general public, e.g., catering and beano games, and it does withhold club membership on account of the sex of the applicant. The statute, however, contains a third requirement that the discrimination relate to the advantages or privileges of public accommodation. Thus

the statute is violated in this case only if membership in the club constitutes such an advantage or privilege.

The Superior Court focused on the size of the club and its many and varied fund-raising activities to find that it offered its advantages or privileges to the general public. The privilege to which plaintiff Nancy Ellis seeks access, however, is not attendance at the beano games or festivals or catered events, which are undeniably public and open to all. Plaintiff seeks membership in the club and access to the weekly meetings and other activities conducted solely for members. Throughout its history, Le Club Calumet has confined access to such meetings and activities to its male Franco–American members.

We recognize that under different circumstances membership in a club could constitute an advantage or privilege offered to the general public, as was the case in *Roberts v. United States Jaycees,* 468 U.S. 609, 626, 104 S.Ct. 3244, 3254, 82 L.Ed.2d 462 (1984) ("leadership skills are 'goods' and business contacts are 'privileges' and 'advantages' ") (quoting *United States Jaycees v. McClure,* 305 N.W.2d 764, 772 (Minn.1981)) and *Board of Directors of Rotary Int'l v. Rotary Club of Duarte,* 481 U.S. 537, 107 S.Ct. 1940, 95 L.Ed.2d 474 (1987) (Rotary Clubs seek newspaper coverage of meetings and carry on activities in open atmosphere). In the present case, however, plaintiffs offered no evidence that club membership is essential to the maintenance of social or business opportunities in the Augusta community. Moreover, the present record does not permit a finding that club membership offered exclusively to male Franco–Americans since 1922 is an advantage or privilege that is publicly available. The Legislature remains free to expand the scope of the Maine Human Rights Act. Our function, however, is to apply the existing law.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of judgment in favor of defendant Le Club Calumet.

All concurring.