STATE OF MAINE                                        SUPERIOR COURT
CUMBERLAND, ss.                                       CIVIL ACTION
                                                      DOCKET NO. CV-02-561

DUANE KLINE AND
JUDITH KLINE,
                        Plaintiffs,

              v.                                      ORDER ON PLAINTIFFS' MOTION
                                                      FOR PARTIAL SUMMARY JUDGMENT,
                                                      DEFENDANT'S MOTION FOR
                                                      SUMMARY JUDGMENT
ONE BEACON INSURANCE
GROUP,
                        Defendant.

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

AUG 05 2003

RECEIVED

DONALD L. GARBRECHT
LAW LIBRARY

AUG 27 2003

Plaintiffs have filed a Motion for Partial Summary Judgment on the question of whether Plaintiffs' uninsured motorist policy provides coverage in the present case. Defendant moved for Summary Judgment on both counts of the Complaint.[1]

## FACTUAL BACKGROUND

The following facts are based upon the undisputed facts provided by the parties:[2] On or about November 8, 2001, Plaintiff Duane Kline was driving in the northbound lane of Interstate 95 in Freeport, Maine. He was traveling in the left lane, in a group of three to five vehicles. Traffic was moving slowly. There were no construction vehicles directly ahead of this group of cars, only passenger vehicles. Plaintiff observed a van in front of him swerve. He then observed an orange traffic cone lying on its side in his lane of travel. He braked and swerved in an attempt to avoid the cone and other vehicles.

---

[1] The court denied Plaintiffs' Motion to Strike certain paragraphs of the Defendant's SMF on May 6, 2003.

[2] Factual assertions unsupported by record references, supported by insufficient record references, or denied by a party whose denial is adequately supported by record references are not included in this recitation of the facts. M.R. Civ. P. 56(h).

Mr. Kline believes, based upon his observations, that the cone "fell into the road from one of the vehicles just ahead of him."[3] Mr. Kline was insured under a liability insurance policy with Defendant OneBeacon at the time of the accident. The policy included coverage for accidents caused by uninsured motorists (UIM provision). Following the accident, Plaintiffs retained an investigator/accident reconstructionist who was unable to develop facts regarding the probable source of the traffic cone.[4]

Nonetheless, on October 31, 2002, Plaintiffs filed a two-Count Complaint seeking coverage for Duane Kline's injuries and damages and for Judith Kline's loss of consortium.

## DISCUSSION

A party is entitled to summary judgment where there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M. R. Civ. P. 56(c); Parrish v. Wright, 2003 ME 90, ¶ 8 __ A.2d __ (decided July 17, 2003). To avoid judgment as a matter of law in the defendant's favor, the Plaintiff must establish a prima facie case for each element of the cause of action. Id. Any findings for the Plaintiff may not be based upon conjecture or speculation. Id.

---

[3] Defendant attempts to deny this statement of fact based upon conflicting testimony from other witnesses and because Plaintiff's beliefs are inadmissible. However, Plaintiff's opinions and beliefs are admissible pursuant to M. R. Evid. 701. Other witnesses' testimony only goes to the reasonableness of those beliefs. M. R. Evid. 701 (stating that a lay witness may testify as to his opinion if rationally based on his perception and helpful to the determination of a fact in issue).

[4] Defendant contends that Plaintiffs' expert is not qualified to offer testimony on the probable origin of the traffic cone, specifically that it fell from a vehicle just ahead of Mr. Kline's vehicle. M. R. Evid. 702 and 704 permit the testimony of an expert with technical or specialized knowledge on an ultimate issue of fact. However, in order to be admissible, the evidence must rely on the specialized knowledge and provide insight beyond that employable by an ordinary juror. State v. Shortsleeves, 580 A.2d 145, (Me. 1990)(holding that medical examiner was not permitted to testify that the extent of the injuries were consistent with two assailants because no specialized knowledge was required for such an opinion); Field & Murray, Maine Evidence § 702.1 at 337 (4th ed. 1997). In the present case, the expert provides no information that a reasonable juror could not infer from the same evidence. Therefore, Plaintiff's expert testimony would not be helpful and is not admissible. M. R. Evid. 702.

Pursuant to this standard for summary judgment, Plaintiff must present prima facie evidence of the following: 1) he was covered by uninsured motorist provision at the time of the accident; 2) that an uninsured (or "hit and run") motorist acted negligently causing the injuries complained of;[5] and 3) that he suffered a tortious injury to detrimentally affect the spousal relationship. Gayer v. Bath Iron Works Corp., 687 A.2d 617, 622 (Me. 1996) (reciting the elements of a loss of consortium claim). It is conceded that Duane Kline was insured by a OneBeacon policy, which included an UIM provision. Defendant also concedes that Mr. Kline sustained serious physical injury as a result of the accident. The only remaining question is whether an uninsured motorist acting in a negligent manner caused the Plaintiff's injuries.

The facts in the present case are very similar to those addressed by the Law Court in Waycott v. Northeast Ins. Co., 465 A.2d 854 (Me. 1983).[6] In Waycott, the Plaintiff, the personal representative of the estate of his deceased son, sought to recover pursuant to an UIM provision when his son's motorcycle went off the road causing fatal injuries. Id. at 854-55. Plaintiff theorized, based on limited evidence and no eyewitness testimony, that a car exited an intersecting road forcing the motorcycle to swerve out of its path and causing the accident. Id. Plaintiff argued, as do the Plaintiffs in this case, that a jury could rationally conclude that the accident was caused by the negligence of

---

[5] These first two elements are required in order for the Plaintiff to recover under the UIM provision. See 24-A M.R.S.A. § 2902 (2000, Supp. 2003) (stating that UIM provision must also cover "hit-and-run" drivers); Lanzo v. State Farm Mut. Auto Ins. Co., 524 A.2d 47, 50 (Me. 1987) (stating the "expression 'hit-and-run' as used in the statute, serves to describe an accident involving an unknown driver").

[6] The Waycott court did not reach the question of whether the application of an UIM provision may be contingent upon a plaintiff's vehicle coming into contact with the uninsured, underinsured, or unknown driver's vehicle. Waycott v. Northeast Ins. Co., 465 A.2d at 856. However, four years later in Lanzo, the court did determine that requiring contact with the unknown vehicle is contrary to the purposes of the statute. Lanzo v. State Farm Mut. Auto Ins. Co., 524 A.2d at 50 (Me. 1987).

3

an unidentified motorist pulling out of the intersecting road. Id. at 855. The court held, because a "jury could arrive at such a compounding of inferences only through speculation and conjecture," that , as a matter of law, the jury cannot be permitted to "pile up successive inference to reach the conclusion desired by the plaintiff." Id.

In the instant case, Plaintiffs seek to have the jury first infer that the traffic cone fell from a vehicle, of which there is no evidence except the testimony of the Plaintiff, who did not see it fall from a vehicle. Next, if the jury were to infer that the cone came from a vehicle, it would also need to infer that its presence in the Plaintiff's lane was due to the negligence of the driver of that unknown vehicle. Notwithstanding Plaintiffs' argument to the contrary, the mere existence of the cone in the highway is not evidence of negligence.[7] Because the successive or cumulative inferences argued by the Plaintiffs would require conjecture and speculation on the part of a the jury, Defendant's Motion for Summary Judgment is GRANTED. Beaulieu v. Aube Corp., 2002 ME 79, ¶ 14, 796 A.2d 683; Waycott v. Northeast Ins. Co., 465 A.2d at 856.

The entry is

Plaintiffs' Motion for Partial Summary Judgment is DENIED;
Defendant's Motion for Summary Judgment is GRANTED.

Dated at Portland, Maine this 4th day of August, 2003.

_____
Robert E. Crowley
Justice, Superior Court

---

[7] Plaintiffs contend that because violation of a safety statute is evidence of negligence, there is prima facie evidence of negligence by the unknown driver. Plaintiffs aver that 17-A M.R.S.A. § 505 was violated, thereby providing evidence of negligence. However, a violation of § 505 requires an individual to "unreasonably obstruct" roadway *and* refuse to remove the obstruction upon order by a police officer. Id.(emphasis added). There is no evidence of any order to remove or a refusal to do so on the part of the unknown driver.

4

DUANE KLINE - PLAINTIFF

Attorney for: DUANE KLINE
JOHN SEDGEWICK
BERMAN & SIMMONS
PO BOX 961
129 LISBON STREET
LEWISTON ME 04243-0961

JUDITH KLINE - PLAINTIFF

vs
ONE BEACON INSURANCE GROUP - DEFENDANT

Attorney for: ONE BEACON INSURANCE GROUP
THOMAS G MUNDHENK
PIAMPIANO & GAVIN
707 SABLE OAKS DR
S PORTLAND ME 04106

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CV-2002-00561


**DOCKET RECORD**

Filing Document: COMPLAINT          Minor Case Type: AUTO NEGLIGENCE
Filing Date: 10/31/2002

## Docket Events:

10/31/2002 FILING DOCUMENT - COMPLAINT FILED ON 10/31/2002

10/31/2002 Party(s):  DUANE KLINE
           ATTORNEY - RETAINED ENTERED ON 10/31/2002
           Plaintiff's Attorney: JOHN SEDGEWICK

12/11/2002 Party(s):  DUANE KLINE, JUDITH KLINE
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 12/11/2002

12/11/2002 Party(s):  DUANE KLINE, JUDITH KLINE
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 12/04/2002
           UPON ONEBEACON INSURANCE GROUP TO BRENDA PIAMPIANO

12/26/2002 Party(s):  ONE BEACON INSURANCE GROUP
           RESPONSIVE PLEADING - ANSWER FILED ON 12/24/2002
           DEFENDANT, ONEBEACON INSURANCE GROUP

12/26/2002 Party(s):  ONE BEACON INSURANCE GROUP
           ATTORNEY - RETAINED ENTERED ON 12/26/2002
           Defendant's Attorney: THOMAS G MUNDHENK

12/26/2002 Party(s):  ONE BEACON INSURANCE GROUP
           OTHER FILING - ENTRY OF APPEARANCE FILED ON 12/24/2002
           OF THOMAS G. MUNDHENK ESQ. ON BEHALF OF DEFENDANT ONEBEACON INSURANCE GROUP

12/27/2002 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 12/27/2002
           ROBERT E CROWLEY , JUSTICE

01/14/2003 ORDER - SCHEDULING ORDER ENTERED ON 01/14/2003
           ROBERT E CROWLEY , JUSTICE
           DISCOVERY DEADLINE IS SEPTEMBER 15, 2003. PARTIES TO SELECT ADR PROCESS AND NEUTRAL.

Printed on: 08/05/2003