**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**SHARMOY STEVENS, Defendant**

Case No. SX-10-CR-657

Superior Court of the Virgin Islands

Division of St. Croix

April 1, 2015

72

MAURICE K. NWIKPO-OPPONG, ESQ., Virgin Islands Department Justice, Christiansted, St. Croix, USVI, *Attorney for the People*.

H. HANNIBAL O'BRYAN, ESQ., Territorial Public Defender, Kingshill, St. Croix, USVI, *Attorney for Defendant*.

MOLLOY, *Judge*

## MEMORANDUM OPINION

(April 1, 2015)

**THIS MATTER** comes before the Court on Defendant's "Motion to Dismiss Count[s] I & II of the Information as Unconstitutional" filed on April 25, 2014. The People of the Virgin Islands (the "People") filed an opposition on September 24, 2014. The Court held a hearing on December 11, 2014. For the reasons stated below, the Court will deny Defendant's motion to dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 10, 2010, the People charged Defendant Sharmoy Stevens ("Stevens") in a six-count Information based on allegedly illicit activities that occurred between October 22, 2010 and November 12, 2010. Counts I and II allege that Stevens committed the offenses of Aggravated Rape in the First Degree in violation of Title 14, Sections 1700(a)(1) and (2) of the Virgin Islands Code. Stevens filed a motion to dismiss these counts on April 25, 2014, arguing that 14 V.I.C. § 1700 is unconstitutional and violates the Equal Protection Clause of the United States Constitution on the basis that the statute is gender specific and applies unequally to males than to females. The People filed an opposition on September 24, 2014. The Court held oral argument on December 11, 2014.

## II. LEGAL STANDARD

█ The Fourteenth Amendment to the United States Constitution prohibits states from denying equal protection of the law to any person

73

within their respective jurisdictions. U.S. CONST. amend. XIV, § 1. "The Fourteenth Amendment applies to the Virgin Islands Government to the same extent it applies to the governments of the fifty states under section 3 of the Revised Organic Act of 1954." *Webster v. People of the Virgin Islands*, 60 V.I. 666, 672 n.2 (V.I. 2014); 48 U.S.C. § 1561 (providing that the Due Process and Equal Protection Clauses of the Fourteenth Amendment shall be extended to the Virgin Islands, which "shall have the same force and effect there as in the United States or in any State of the United States"). "The function of the Equal Protection Clause . . . is simply to measure the validity of classifications created by state [and territorial] laws." *San Antonio Ind. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 59, 93 S. Ct. 1278, 36 L. Ed. 2d 16 (1973) (Stewart, J., concurring). " 'Equal protection' . . . emphasizes disparity in treatment by a State between classes of individuals whose situations are arguably indistinguishable." *Ross v. Moffitt*, 417 U.S. 600, 609, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974). "Unlike other provisions of the Constitution, the Equal Protection Clause confers no substantive rights and creates no substantive liberties." *Rodriguez*, 411 U.S. at 59. The "Clause is offended only by laws that are invidiously discriminatory — only by classifications that are wholly arbitrary or capricious." *Id.*

### III. DISCUSSION

In Counts I and II of the Information, the People charge Stevens with violating sections 1700(a)(1) and (2) of the aggravated rape statute, respectively. This statute provides:

(a) Whoever perpetrates an act of sexual intercourse or sodomy with a person:

(1) Who is under the age of thirteen; or
(2) who is under sixteen years of age residing in the same household as the perpetrator, and force, intimidation, or the perpetrator's position of authority over the victim is used to accomplish the sexual act.

14 V.I.C. § 1700(a)(1) & (2). For purposes of section 1700, "sexual intercourse" is defined as "vaginal intercourse or any insertion, however slight, of a hand, finger, or object into the vagina, vulva, or labia, excluding such insertion for medical treatment or examination." *Id.* at § 1699(d).

■ As a preliminary matter, the Court must decide which test governs the constitutionality of section 1700. In *Clark v. Jeter*, 486 U.S. 456, 108 S. Ct. 1910, 100 L. Ed. 2d 465 (1988), the United States Supreme Court established that a court must apply one of three tests — based on the type of classification — to determine whether a statute violates the Equal Protection clause. There, the Court stated:

> In considering whether state legislation violates the equal protection clause of the Federal Constitution's Fourteenth Amendment, the United States Supreme Court will apply different levels of scrutiny to different types of classifications: [1] At a minimum, a statutory classification must be rationally related to a legitimate governmental purpose. [2] Classifications based on race or national origin, and classifications affecting fundamental rights, are given the most exacting scrutiny. [3] Between these extremes of rational basis review and strict scrutiny lies a level of intermediate scrutiny generally applied to discriminatory classifications based on sex or illegitimacy.

*Id.* at 461 (citations omitted). As mentioned above, Stevens argues that section 1700 unconstitutionally discriminates against males and, as a result, the Court should apply a high level of scrutiny to determine its constitutionality. The People, on the other hand, contend that section 1700 is gender neutral, and therefore, rational basis scrutiny should apply.

■ Most statutory classifications must meet only minimal basis review. *Webster*, 60 V.I. at 673. However, statutes providing for different treatment on the basis of gender establish a classification subject to intermediate scrutiny under the Equal Protection Clause. *See Hynson v. City of Chester, Legal Dept.*, 864 F.2d 1026, 1029 (3d Cir. 1988); *Miss. Univ. for Women v. Hogan*, 458 U.S. 718, 723, 102 S. Ct. 3331, 73 L. Ed. 2d 1090 (1982) (opining that the statute "discriminates against males rather than against females does not exempt it from scrutiny or reduce the standard of review."). Under intermediate scrutiny, the People bear "the burden of establishing that there is an 'exceedingly persuasive justification' for the classification by showing that it 'serves important governmental objectives related to the achievement of those objectives.' " *Webster*, 60 V.I. at 676 (quoting *United States v. Virginia*, 518 U.S. 515, 524, 116 S. Ct. 2264, 135 L. Ed. 2d 735 (1996)). However, if a statute neither burdens a fundamental constitutional right nor targets a suspect class, it does not violate equal protection so long as it bears a rational relationship to some

legitimate end. *Doe v. Pennsylvania Bd. of Prob. & Parole*, 513 F.3d 95, 107 (3d Cir. 2008) (citing *Romer v. Evans*, 517 U.S. 620, 631, 116 S. Ct. 1620, 134 L. Ed. 2d 855 (1996)). Thus, under rational basis review, a statute will be considered constitutional if there is "any reasonably conceivable set of facts that could provide a rational basis for it." *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 314-15, 113 S. Ct. 2096, 124 L. Ed. 2d 211 (1993).

## A. Because Title 14, Section 1700 is Gender Neutral, the Court will Apply Rational Basis Scrutiny to Determine its Constitutionality

Initially, Stevens argued in his motion to dismiss that the Virgin Islands aggravated rape statute discriminates against males because "it is clear that it is a legal impossibility for a female to rape a male unless there is oral and/or anal sex" and that the plain language of the statute "reinforces the sexist and clearly incorrect viewpoint that a male cannot be raped by a female through vaginal intercourse." Def.'s Memo. in Support of Mot. to Dis. at 3. Stevens continued to argue: "In the Virgin Islands, even if the female were to force vaginal intercourse upon a male by use of a weapon, she could not be charged with rape so long as oral or anal sex did not occur." *Id.* However, during the December 11, 2014 hearing, Stevens, through his counsel, abandoned his position that a female cannot rape a male through vaginal intercourse. Indeed, courts in other jurisdictions have explicitly opined that a female can rape a male through vaginal intercourse, notwithstanding the obvious anatomical differences between a male and a female, if the female was the individual who initiated the intercourse and caused the vaginal penetration to occur. *See Ex parte Groves*, 571 S.W.2d 888, 892-93 (Tex. Crim. App. 1978) ("[A]lthough the male sex organ must penetrate the female sex organ in order for sexual intercourse to occur, such penetration may be initiated and that result caused by action of the female as well as the male."); *see also Commonwealth v. Gallant*, 373 Mass. 577, 583-84, 369 N.E.2d 707 (1977) (finding that a Massachusetts statutory rape statute is neutral as to the gender of the offender and victim); *People v. Liberta*, 64 N.Y.2d 152, 474 N.E.2d 567, 577, 485 N.Y.S.2d 207 (1984) (opining that sexual intercourse, as defined under New York law as "any penetration however slight," can be achieved by a female without the male being aroused and thus without his consent); *Doe v. Brown*, 331 S.C. 491, 489 S.E.2d 917,

919 n.2 (1997) (concluding that a female can statutorily rape a male child under South Carolina's gender-neutral statute governing criminal sexual conduct with minors). Nonetheless, Stevens argued at the hearing that section 1700 is not gender neutral and maintains that the Court should apply a high level of scrutiny in this case because society is more willing to accept underage males having intercourse with adult females as opposed to vice-versa. Stevens further argued that there is no evidence to support this assertion because there is an absence of cases charging women with having sexual intercourse with underage males. The People, on the other hand, argued that section 1700 is gender neutral because the plain and unambiguous language of the statute is devoid of any references to gender, and therefore the Court should apply rational basis scrutiny to determine the statute's constitutionality. This Court agrees.

■ The plain and unambiguous language of the statute provides that "whoever" perpetrates the prohibited act shall be subject to prosecution for aggravated rape. The term "whoever" is gender neutral, applies equally to both males and females, and does not target a specific class of individuals. In fact, the statute makes no reference to gender whatsoever. With regards to Stevens' argument that a higher level of scrutiny should be applied to determine section 1700's legality because "society is more willing to accept underage males having intercourse with adult females as opposed to vice-versa," the Court finds this argument is more akin to an argument based on selective prosecution wherein Stevens is required to make a threshold showing of discriminatory effect and discriminatory intent. *See United States v. Armstrong*, 517 U.S. 456, 465, 116 S. Ct. 1480, 134 L. Ed. 2d 687 (1996). As indicated in this Court's Order dated November 20, 2014,[1] "[s]ome credible evidence must be adduced indicating that the government intentionally and purposefully discriminated against the defendant by failing to prosecute other similarly situated persons." *United States v. Torquato*, 602 F.2d 564, 570 (3d Cir. 1979). Stevens has presented no such evidence. Accordingly, the Court rejects Stevens' argument that section 1700 violates the Equal Protection

---

[1] On November 20, 2014, the Court issued an Order denying Stevens' "Motion for Enlargement of Time to File Motion to Dismiss Information for Selective Prosecution" because Stevens failed to identify females who could have been prosecuted for aggravated rape but were not and therefore, he failed to make a threshold showing of discriminatory effect or discriminatory intent.

Clause because of unsupported and unsubstantiated claims that society is more willing to accept underage males having sexual intercourse with adult females as opposed to underage females having sexual intercourse with adult males. The Court, therefore, holds that section 1700 does not target males to the exclusion of females and will apply the rational basis test to determine whether 14 V.I.C. § 1700 is constitutional. *See State v. Stevens*, 510 A.2d 1070, 1071 (Me. 1986) (opining that under Maine's rape statute where sexual intercourse is defined as "any penetration of the female sex organ by the male sex organ," such language is gender neutral and not indicative of the sex of the perpetrators of crimes involving sexual intercourse).

### B. Section 1700 Bears a Rational Relationship to a Legitimate Government Interest

██ ██ Rational basis review requires a defendant to "negate every conceivable basis that might support the government's statutory classification." *McIntosh v. People*, 57 V.I. 669, 686 n.15 (V.I. 2011). "In the ordinary case, a law will be sustained if it can be said to advance a legitimate government interest, even if the law seems unwise or works to the disadvantage of a particular group, or if the rational for it seems tenuous." *Romer*, 517 U.S. at 632. Under a rational basis standard of review, "legislation enjoys a presumption of validity." *Brian B. v. Pennsylvania Dep't of Educ.*, 230 F.3d 582, 586 (3d Cir. 2000). There is no dispute that the government has a legitimate interest in preventing individuals from engaging in sexual intercourse or sodomy with persons under the age of thirteen. Similarly, there is no dispute that the government has an interest in preventing individuals from engaging in sexual intercourse or sodomy with persons under the age of sixteen "residing in the same household as the perpetrator, and force, intimidation, or the perpetrator's position of authority over the victim is used to accomplish the sexual act." The statute punishes those individuals who violate section 1700(a) by providing for a range of incarceration from 15 years to life imprisonment. 14 V.I.C. § 1700(c). The Court holds that section 1700 bears a rational relationship to a legitimate government interest and that the range of potential incarceration serves as a rational

means of accomplishing this goal.[2] *See McIntosh*, 57 V.I. at 686 n.15 (opining that 14 V.I.C. § 666 meets the "rational basis" test because "it is beyond argument that the government has an interest in preventing the introduction of narcotic into prisons, and imposing penalties significant enough to serve a deterrent effect is a rational means of accomplishing this goal"). Accordingly, the Court finds that section 1700 bears a rational relationship to prevent individuals from engaging in sexual intercourse with persons under the age of thirteen as well as preventing individuals from engaging in sexual intercourse with persons under the age of sixteen residing in the same household as the perpetrator. Section 1700, therefore, does not violate the Equal Protection Clause of the Fourteenth Amendment.

## IV. CONCLUSION

For the reasons stated above, this Court finds that 14 V.I.C. §§ 1700(a)(1) and (2) are gender neutral and that there is a rational basis for the statutory classification. Accordingly, section 1700 does not violate the Equal Protection Clause of the U.S. Constitution. Therefore, the Court will deny Stevens' motion to dismiss Counts I and II. An appropriate order follows.

---

[2] Stevens conceded at the December 11, 2014 hearing that the Virgin Islands aggravated rape statute, codified at 14 V.I.C. § 1700, passes the rational basis test.