STATE of Maine

v.

Stanley RAYMOND III.

Supreme Judicial Court of Maine.

March 23, 1979.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Portland, Robert Mullen, Student (orally), for plaintiff.

Michael J. LaTorre, Portland, for defendant.

Before McKUSICK, C. J., and ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

PER CURIAM.

Stanley Raymond III appeals from his conviction for robbery (17–A M.R.S.A. § 651(1)(C)) in the Superior Court (Cumberland County). Raymond contends that the trial Justice erred when instructing the jury on the permissible inference of guilt which may be drawn from the exclusive possession of recently stolen property.[1] We find no error in the trial Justice's charge, and consequently we deny the appeal.

Defendant alleges that the trial court erroneously led the jury to believe that the defendant has the burden of proof to disprove the inference of guilt which arose automatically from the evidence showing possession of recently stolen property. We are unable to agree. The trial Justice's charge created no such misimpression, and never intimated that the inference of guilt was automatic unless rebutted by defendant. On the contrary, the charge forcefully emphasized that the burden of proof always remained with the prosecution, and that the inference of guilt was a *permissible* inference, which the jury was free to draw or not draw, as it determined was warranted from the evidence.[2]

The trial Justice avoided the use of the word "presumption" as recommended in

1. 17–A M.R.S.A. § 361(2) provides in part: "Proof that the defendant was in exclusive possession of property that had recently been taken under circumstances constituting a violation of this chapter or of chapter 27 shall give rise to a presumption that the defendant is guilty of the theft or robbery of the property, as the case may be, . . . .."

2. The court instructed the jury:
    "You are expected and entitled to draw such inferences from proven facts *as you feel are warranted* . . . [T]he law specifies that it is *permissible* if the jury determines that a robbery has occurred, and if it is proven that the defendant was in exclusive possession of the property that had been taken in that robbery, it is *permissible* for the jury to infer that the person found in such exclusive possession was in fact guilty of committing a robbery.
    "Now that is an inference which the law *permits* you to draw but you should notice the emphasis placed upon—which you are *permitted* to draw. You may decide that inference is overcome by other facts in the case which would render it of no significance." (Emphasis added).

*State v. Poulin*, Me., 277 A.2d 493 (1971); he stressed the permissive nature of the jury's right to draw the inference; he gave clear instructions on the state's burden of proof.[3] We find no error in the trial Court's charge.

The entry will be

Appeal denied.

Judgment affirmed.

POMEROY and WERNICK, JJ., did not sit.

DUFRESNE, A. R. J., sat by assignment.

3. The jury was instructed:

"First of all you will recall a defendant enters the courtroom with no presumption against him. He is presumed to be innocent. He has a clean slate, if you will, as he walks into the courtroom. And you will presume he is innocent unless and until there has been evidence of sufficient quantity and quality to convince you otherwise beyond a reasonable doubt.

"It is the burden of the State to establish the guilt of the defendant, and if that evidence is lacking, the presumption of innocence alone is sufficient to cause you to acquit him."