**STATE of Maine**

v.

**Kenneth RIGGS.**

Supreme Judicial Court of Maine.

Argued Jan. 20, 1982.
Decided April 21, 1982.

---

Henry N. Berry, III, Dist. Atty., Peter G. Ballou (orally), Deputy Dist. Atty., Portland, Martha Casey, Law Student Intern, for plaintiff.

exposure.

Nisbet, MacNichol & Ludwig, Francis M. Jackson, III (orally), South Portland, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

The defendant, Kenneth Riggs, appeals his conviction by a jury in the Superior Court, Cumberland County, of Class C burglary,[1] and of Class E theft,[2] on the ground of a variance between the indictment and the proof presented at trial. We deny the appeal.

The defendant was named in a joint indictment with two other individuals. The indictment specified the charges as follows:

> COUNT I: That on or about the Seventh day of December, 1980, in the City of Westbrook, County of Cumberland and State of Maine, the above named defendants ROGER BEESLEY, DOUGLAS GEMMEL and KENNETH RIGGS did enter in a structure, namely, a department store, the property of Bradlee's Incorporated, a corporation, located at 25 Main Street, in said Westbrook, knowing that they were not licensed or privileged to do so, with the intent to commit theft therein, and
>
> COUNT II: While therein, the above named defendants ROGER BEESLEY, DOUGLAS GEMMEL and KENNETH RIGGS did commit theft by obtaining or exercising unauthorized control over the property of Bradlee's Incorporated, namely, seven Sanyo model 21T66 television sets, twelve Unisonic calculators and four Polaroid cameras, having a value in excess of One Thousand Dollars, $1,000., with the intent to deprive the said Bradlee's Incorporated, a corporation, thereof.[3]

Based upon the information provided by way of discovery and the evidence, largely uncontradicted, the following recitation of facts appears. During the early hours of December 7, 1980, which is the date set forth in the indictment, Bradlee's store was entered three times. The first two entries involved thefts of merchandise. Only Gemmel and Beesley were involved in the first incident, which resulted in the theft of seven Sanyo 21T66 television sets, twelve Unisonic calculators and four Polaroid cameras. They then drove to the defendant's residence where Gemmel, Beesley, and Riggs decided to return to Bradlee's. They did so and took five more Sanyo 21T66 television sets.

Because there had been no evidence of the value of the goods allegedly stolen, the court reduced count II to a charge of Class E theft which, under 17-A M.R.S.A. § 362(5) (Supp.1981), is the theft of property not in excess of $500. The jury returned verdicts of guilty on both counts.

Defendant contends that both counts of the indictment refer to the first entry and theft, one in which he did not participate. This contention is generated by the fact that the list of property specified in count II matches the property taken in the first entry and includes items which were shown not to have been involved in the second entry and theft. Defendant reasons that both counts must therefore refer to the first entry, and since the proof was directed toward the second entry, a fatal variance arises.

The State challenges defendant's assertion of a prejudicial variance and claims in any event that the defendant waived the variance by failing to raise it below in a timely manner.

> A person is guilty of theft if he obtains or exercises unauthorized control over the property of another with intent to deprive him thereof.

---

1. 17-A M.R.S.A. § 401(1) (Supp.1981) provides:

   A person is guilty of burglary if he entered or surreptitiously remains in a structure, knowing that he is not licensed or privileged to do so, with the intent to commit a crime therein.

2. 17-A M.R.S.A. § 353 (Supp.1981) provides in pertinent part:

3. Although the three defendants initially entered pleas of not guilty, Beesley and Gemmel each retracted that plea and pled guilty. The subject appeal involves only defendant Riggs.

**354**

## I.

■ The Court finds initially that the record on appeal does not demonstrate that the issue of variance was raised in Superior Court. Defendant asserts in his brief that a motion to acquit was filed after the verdict was returned. The motion and any order thereon are not entered on the docket and are not before this Court for review. Beyond that, the record reflects that while counsel may have indirectly fenced with an anticipated problem of variance, he did not raise the issue fairly or directly at any time during trial. Common sense suggests that the issue of variance should be raised at some point prior to appeal. Since a pertinent part of any inquiry involves consideration of whether the indictment supplies sufficient information to avoid unfair surprise and prejudice, the trial court is generally in a superior position to make the necessary determinations of fact. M.R.Crim.P. 52 supports the requirement that issues of variance be raised prior to appeal. Rule 52(a) provides that "[a]ny ... variance which does not affect substantial rights shall be disregarded," while paragraph (b) of the rule preserves appellate cognizance of obvious error affecting substantial rights. In this case the issue of variance was not raised and as an unpreserved claim of error it must be considered in the context of the "manifest error affecting substantial rights" standard.

## II.

■ Defendant seeks to establish that a fatal variance exists between both of the charges in the indictment and the proof presented at trial. Stated simply, he was charged with entering Bradlee's on or about December 7, 1980 and with the theft of seven television sets, twelve calculators, and four cameras. The evidence presented would warrant a finding that he participated in a burglary of Bradlee's on December 7, 1980 during which five television sets were stolen. Defendant asserts the existence of a variance by arguing that both counts of the indictment must be read as referring to the first entry, one in which he did not participate. With regard to the burglary count defendant assumes an interrelationship with the theft count which does not exist. While ancient dictum suggests that separate counts may be interrelated and read together, there is no authority for such a proposition. Our rules of pleading reflect that such an interrelationship does not exist between counts in an indictment charging multiple offenses. While M.R.Crim.P. 7 permits allegations made in one count to be incorporated by reference in another count, M.R.Crim.P. 8 allows joinder of separate offenses only in separate counts, thereby supporting the requirement that each count be considered separately. In the present case we must consider each count separately, determine whether there was a variance between indictment and proof, and if so, determine the consequences.

The charge of burglary contained in count I does not present a problem of variance. The proof at trial and the information supplied through discovery demonstrated that only the second entry involved all three participants. The language of the indictment, however, refers to any one of the three entries. The indictment need not differentiate one entry from another in a factual context involving a series of similar criminal acts. Although the State had information concerning three entries, it is not required to limit its proof to just one of the three. No such specificity was ordered by the trial court in this case. Indeed, it would have been inappropriate to bind the prosecution to a version of events furnished to the police by an accomplice. The stark and simple fact is that the defendant was charged with burglary at Bradlee's on or about December 7, 1980 and that is exactly what the State proved through the course of trial. We affirm the judgment of conviction of burglary contained in count I.

The judgment of conviction of the offense of theft contained in count II is affirmed by an evenly divided court.

The entry is:

Judgment of conviction affirmed.

All concurring.