Stanley RAYMOND III

v.

STATE of Maine.

Supreme Judicial Court of Maine.

Argued Sept. 21, 1983.

Decided Oct. 31, 1983.

Alan R. Nye (orally), Portland, for plaintiff.

Charles K. Leadbetter, Asst. Attys. Gen., William R. Stokes (orally), Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE and GLASSMAN, JJ.

McKUSICK, Chief Justice.

Petitioner Stanley Raymond appeals from the denial on November 30, 1982, of his post-conviction petition by the Superior Court (Cumberland County). He sought post-conviction relief on the ground of ineffective assistance of counsel at his trial for robbery in July, 1978, claiming the following shortcomings on the part of his attorney at trial: (1) defense counsel's failure to pursue the issue whether under the Maine Criminal Code the mere snatching of a purse from the hand of the victim involves sufficient "physical force" to raise theft to robbery; (2) his failure to object to certain evidence; (3) his failure to object to the State's calling an additional witness after it had rested its case; (4) his failure to put Raymond on the stand to testify in his own defense; and (5) his failure to keep ade-

quate records. We find no error in the action of the Superior Court in denying Raymond post-conviction relief.

On May 12, 1978, Lyndell S. Cole, a woman in her late seventies, was walking alone down Deering Street in Portland on her way to a local market. Mrs. Cole was carrying a shopping bag containing among other things her purse. She testified that she had "quite a good grip" on the handles of the shopping bag with her left hand when petitioner ran up from behind her, grabbed the shopping bag out of her hand, and ran off with it. Petitioner did not directly touch any part of Mrs. Cole's body.

In July of 1978, petitioner was convicted in a jury trial in Superior Court (Cumberland County) of Class A robbery in violation of 17-A M.R.S.A. § 651(1)(C) and was sentenced to Maine State Prison for ten years. The Law Court affirmed his conviction in *State v. Raymond*, 399 A.2d 223 (Me.1979). The single issue raised on the direct appeal was whether the presiding justice erred when instructing the jury on the inference of guilt that may be drawn from the exclusive possession of recently stolen property.

■ Now, on the appeal in his post-conviction proceeding, Raymond's principal contention is that the jury was improperly instructed on the element of "physical force"[1] and that his trial counsel's performance was critically deficient in not objecting to the charge. Section 651(1)(C) provides that a person is guilty of robbery if he commits a theft and at the time of his actions he uses "physical force on another" with the intent either to prevent or overcome resistance to the taking of the property or to compel the person in control of the property to give it up.[2]

---

1. Since the alleged error in the jury instruction could have been raised on the direct appeal, it is not available as an independent ground for post-conviction relief. *See* 15 M.R.S.A. § 2128(1) (Supp.1982–1983).

2. Maine's robbery statute, 17-A M.R.S.A. § 651 (1983), reads in full:

1. A person is guilty of robbery if he commits or attempts to commit theft and at the time of his actions:
A. He recklessly inflicts bodily injury on another;
B. He threatens to use force against any person present with the intent
(1) to prevent or overcome resistance to the taking of the property, or to the retention

The justice presiding at Raymond's trial started out his charge by defining robbery squarely in the words of section 651(1)(C):

> The laws of Maine provide that a person is guilty of robbery if he commits or attempts to commit theft, and at the time of his actions he uses physical force on another with the intent to prevent or overcome resistance to the taking of the property, or to compel the person in control of the property to give it up. That is the definition of robbery and that is the statute we are involved with.

He then applied that statutory definition to the circumstances of the case before the jury, in the following instruction:

> So we are talking about—did Mr. Raymond commit theft, in other words obtain property of another with the intent to deprive that person of that property, and then the additional element that is involved in robbery, namely, while doing so, while committing theft did he use physical force on Lyndell S. Cole with the intent to prevent or overcome her resistance to the taking of the property, or to compel her, and to compel her to give up that property.
>
> Now physical force is a self-explanatory term. I would suggest to you it is a forceful act, one which is occasioned by our physical means, our hands, the body as opposed to mental force, mental persuasion. So it's the offering of actual physical force. There is no requirement under the law that you have to determine the extent of physical force. In other words, there is [sic] no degrees in this particular statute. You don't have to

determine it was serious, mediocre, or whatever. It's just the fact of physical force, and then you have to determine whether, if you find that physical force to have been employed, whether at that time it was the defendant's intent, in using that physical force, to prevent or overcome resistance to the taking of the property, or to compel the person in control of the property to give it up.

Petitioner now claims that he was denied effective assistance of counsel by virtue of trial counsel's failure to object to this charge or otherwise to raise the legal issue whether the statutory element of "physical force" required for the theft to constitute robbery involves more than the jury was justified in finding to be present in the case at bar.[3]

■ In *Lang v. Murch,* 438 A.2d 914 (Me. 1981), we adopted the "reasonably competent assistance" standard for evaluating claims of ineffective assistance of counsel. For post-conviction relief to be granted under the two-pronged test of *Lang,* defense counsel's performance must fall "measurably below that which might be expected from an ordinary fallible attorney," *id.* at 915, and also counsel must have "likely deprived the defendant of an otherwise available substantial ground of defense." *Id.* at 915. In the present appeal, we need not consider whether in fact trial counsel's failure to pursue the "physical force" issue fell "measurably below that which might be expected from an ordinary fallible attorney," because that attorney's performance in any event did not "likely deprive the

---

of the property immediately after the taking; or

(2) to compel the person in control of the property to give it up or to engage in other conduct which aids in the taking or carrying away of the property;

**C.** He uses physical force on another with the intent enumerated in paragraph B, subparagraphs (1) or (2),

**D.** He intentionally inflicts or attempts to inflict bodily injury on another; or

**E.** He or an accomplice to his knowledge is armed with a dangerous weapon in the

course of a robbery as defined in paragraphs A through D.

2. Robbery as defined in subsection 1, paragraphs A and B, is a Class B crime. Robbery as defined in subsection 1, paragraphs C, D, and E, is a Class A Crime.

3. Robbery under section 651(1)(C) is classified as a Class A crime carrying a maximum prison sentence of 20 years, whereas theft of property not exceeding $500 is classified as a Class E crime carrying a maximum imprisonment for 6 months. *See* 17–A M.R.S.A. §§ 651(2), 362(5), 1252(2) (1983).

defendant of an otherwise available substantial ground of defense." Such is true because the Superior Court's instruction was a correct statement of the law as applied to the facts of the case being submitted to the jury. As a matter of law, petitioner has no complaint to register against the charge as given.

■ Although some case authority from other jurisdictions supports petitioner's contention that the mere act of snatching a purse from the hand of a victim does not involve sufficient force to convict of robbery, *see* 67 Am.Jur.2d *Robbery* § 28 (1973), the plain meaning of section 651 leads inevitably to a contrary view in Maine. The fundamental rule in the construction or interpretation of any statute is that the intent of the legislature as divined from the statutory language itself controls. *See State v. Williams,* 433 A.2d 765, 768 (Me. 1981). "Unless the statute itself discloses a contrary intent, words in a statute must be given their plain, common and ordinary meaning . . . ." *State v. Vainio,* 466 A.2d 471, 474 (Me.1983). Here, the presiding justice's instruction tracks the plain, common, and ordinary meaning of "physical force."

■ Clearly, more is involved here than would be involved in a case where the victim was at the time unaware of a stealthy taking of her purse. The following reasoning of the Massachusetts Supreme Judicial Court is persuasive:

> Snatching necessarily involves the exercise of some actual force. . . . [W]here, as here, the actual force used is sufficient to produce awareness, although the action may be so swift as to leave the victim momentarily in a dazed condition, the requisite degree of force is present to make the crime robbery.

*Commonwealth v. Jones,* 362 Mass. 83, 283 N.E.2d 840, 845 (1972). By clear and plain meaning of the words of section 651, the Maine legislature has dictated that the mere act of snatching a purse from the hand of a victim is a sufficient act of physical force required for robbery. *See State v. Williams,* 58 Or.App. 398, 648 P.2d 1354 (1982) (applying statute defining robbery as theft with the use of "physical force upon another person with the intent of: (a) Preventing or overcoming resistance to the taking of the property . . . ; or (b) Compelling the owner of such property . . . to deliver the property").

■ The contrast between the Maine Criminal Code provision of section 651 and the definition of robbery appearing in section 222.1 of the Model Penal Code is further evidence that the Maine legislature intended to make any physical force used upon another with the intent specified in section 651(1)(B) adequate to elevate theft to robbery. The Model Penal Code provision turns theft into robbery only if the actor inflicts *serious* bodily injury upon another or threatens or purposely puts the other in fear of immediate *serious* bodily injury.[4] The comment upon that section specifically points out that the word "serious" was added in order to avoid the result of making a robber out of a purse snatcher. *See* Model Penal Code § 222.1 at p. 108 (1980).

■ The drafters of the Maine code, although they did not refer in their section 651 commentary to the comparable Model Penal Code provision, appear to have made a studied departure therefrom. Portions of our criminal code are patterned on the Model Penal Code. Indeed, many of the theft provisions, as expressly noted in the accompanying comments, follow the Model Penal Code formulation. *See, e.g.,* 17–A M.R.S.A. § 353 (theft by unauthorized taking or transfer); 17–A M.R.S.A. § 354 (theft by

---

**4.** The Model Penal Code § 222.1 (1980) provides the following definition of robbery:

(1) . . . [A] person is guilty of robbery, if in the course of committing a theft, he:

  (A) inflicts serious bodily injury upon another; or

(B) threatens another with or purposely puts him in fear of immediate serious bodily injury; or

(C) commits or threatens immediately to commit any felony of the first or second degree.

deception); 17–A M.R.S.A. § 356 (theft of lost, mislaid, or mistakenly delivered property). The drafters of the Maine Criminal Code surely were aware of the line drawn between theft and robbery by the Model Penal Code. We conclude that they made a conscious decision that *any* physical force with the intent specified in section 651(1)(B) should be sufficient to raise a theft offense to the level of robbery. Our conclusion is strengthened by the further departure adopted by the Maine codifiers from the Model Penal Code definition of robbery: Under the Maine code the intentional infliction of *any* bodily injury at the time of a theft will make the actor guilty of robbery; under the Model Penal Code only the infliction of *serious* bodily injury has that consequence. *See* nn. 2, 3 above.

■ At Raymond's trial for Class A robbery the presiding justice correctly charged the jury in the very terms of the controlling statute. He told them that to convict Raymond of robbery the jurors had to find that "physical force" in some degree had been used on Mrs. Cole at the time of the theft. On the evidence before them the jurors could rationally make that finding beyond a reasonable doubt. The evidence supported a finding of Raymond's use of force on Mrs. Cole through the instrumentality of the shopping bag, on which she had "quite a good grip"; there is no requirement that there be any direct bodily contact between the robber and the victim. Petitioner takes nothing on his claim of ineffective assistance of counsel because his trial counsel would in the end have accomplished nothing by raising the "physical force" issue.

■ The court has carefully examined petitioner's other contentions and finds none of them to have any merit. There was no clear error in the findings of the post-conviction justice that the defense attorney's failure to make certain objections at trial and his advice to Raymond not to take the witness stand were choices of trial strategy that did not amount to ineffective assistance of counsel. We agree with the Superior Court justice that trial counsel's

admittedly poor record keeping could have no bearing on the outcome of the trial.

The entry is:

Judgment affirmed.

All concurring.