

Joshua Nadel, Augusta, pro se.

Appellee did not appear.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

**In re JAMES JOHN L.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 8, 1992.

Decided Jan. 29, 1992.

Joshua Nadel appeals from a judgment of the Kennebec County Probate Court (*Mitchell, J.*) denying his petition seeking appointment as a guardian for James John L., born September 21, 1984, the child of Beth and George. By a previous court order, Beth had the physical custody of James and George had rights of visitation with and support obligations for James. In his petition Nadel alleged, *inter alia,* that he had been dating Beth for a period of over two years and often had the sole care of James with whom he had developed strong emotional bonds; that James was presently without health insurance, but if Nadel were appointed a guardian, his health policy would provide such coverage for James; and that it was in the best

---

**1.** 39 M.R.S.A. § 94 governs the content and filing of petitions or memoranda of agreement with the Commission.

interest of James that Nadel's petition be granted. Contrary to Nadel's contentions, we hold the Probate Court properly determined that the requirements of 18–A M.R.S.A. § 5–204 (1981) had not been met, thereby precluding the appointment of Nadel pursuant to either 18–A M.R.S.A. §§ 5–105 or 5–207(b) (1981). Accordingly, we affirm the judgment.

■ On direct appeal from the Probate Court, we review the court's findings for clear error. *Estate of Dodge,* 576 A.2d 755, 756 n. 1 (Me.1990); *Estate of Rosen,* 447 A.2d 1220, 1221 (Me.1982). "The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature." *State v. Hudson,* 470 A.2d 786, 788 (Me.1984); *see also Raymond v. State,* 467 A.2d 161, 164 (Me.1983) ("the intent of the legislature as divined from the statutory language itself controls"); *Mundy v. Simmons,* 424 A.2d 135, 137 (Me. 1980) ("the fundamental rule of statutory construction is to ascertain the real purpose and intent of the Legislature which, when discovered, must be made to prevail").

■ Nadel does not challenge the court's factual findings. He argues that section 5–204[1] prescribes the authority of the court to appoint a full guardian where an unmarried minor is not subject to parental rights of custody and does not proscribe the court's power to appoint a limited guardian.[2] We disagree. The category of limited guardians was established to assure "flexibility in dealing with special circumstances." *See* 18–A M.R.S.A. § 5–105 comment (1981). However, the provision for limited guardianships explicitly limits the court's power of appointment to cases in which a guardian can be appointed. Moreover, the intent of section 5–105 was to provide a flexible device to be used "within

any other kind of guardianship that may be created," Maine Probate Law Revision Commission, Report to 108th Legislature 502 (October 1978), not to "raise any issue in terms of the criteria for determining guardianships." *Id.* at 510.

As we have previously stated:

The powers of the Probate Court are created by statute, and the court's actions are null and void unless taken pursuant to statutory authority. Only courts having full equity jurisdiction possess *parens patriae* powers to adjudicate rights to the custody of infants. The Probate Court has equity jurisdiction in all matters relating to wills, trusts, and administration of decedents' estates. No such general equity jurisdiction exists in the Probate Court to adjudicate rights to the custody of minors. Absent statutory authority, [where parental rights have not been terminated], the Probate Court is without power to appoint a guardian. . . .

. . . .

18–A M.R.S.A. § 5–204 grants the Probate Court the authority to appoint a guardian of an unmarried minor child *only* if 'all parental rights have been terminated or suspended by circumstances or prior court order.'

*In re Krystal S.,* 584 A.2d 672, 674–75 (Me.1991) (emphasis in original) (citations omitted).

■ Nor do we find merit in Nadel's contention that, even if section 5–204 precludes appointment of a limited guardian under section 5–105 on the facts of this case, section 5–207(b) grants the Probate Court discretionary authority to make the appointment as another "disposition of the matter that will best serve the interest of the child." [3] In *In re Krystal S.* we stated:

---

**1.** The section provides in relevant part:
  The court may appoint a guardian for an unmarried minor if all parental rights of custody have been terminated or suspended by circumstances or prior court order.
  18–A M.R.S.A. § 5–204 (1981).

**2.** This section provides in relevant part:
  In any case in which a guardian can be appointed by the court, the judge may appoint

a limited guardian with fewer than all of the legal powers and duties of a guardian.
18–A M.R.S.A. § 5–105 (1981).

**3.** 18–A M.R.S.A. § 5–207 (1981) provides in relevant part:

  **Court appointment of guardian of minor; procedure**
  . . . .

[18–A M.R.S.A. § 5–207(b) ] does not give blanket authority to the Probate Court to override the custodial rights of parents fit to care for their children. Rather, it allows the court to act in the best interest of the minor in the event that the appointment of the petitioner as guardian cannot or should not be made for any number of reasons. . . . In such cases, the court could appoint or reappoint a temporary guardian, *see* section 5–207(c), or appoint as guardian someone other than the petitioner.

*Id.* at 675. Section 5–207(b) authorizes the Probate Court to bridge the gaps that result when parental rights have been terminated by circumstances or court order and the court is unable to appoint the petitioner as guardian. It allows an alternative dis-

position to serve the best interest of the minor. Here, there is no gap; both natural parents retain their custodial rights. The benefits that would become available to James if Nadel acquired the status of a guardian might well serve his best interest, but the Probate Court is without authority to grant such status.

The entry is:

Judgment affirmed.

All concurring.

---

(b) Upon hearing, if the court finds that a qualified person seeks appointment, venue is proper, the required notices have been given, the requirements of section 5–204 have been met, and the welfare and best interests of the minor will be served by the requested appointment, it shall make the appointment. In other cases the court may dismiss the pro-

ceedings, or make any other disposition of the matter that will best serve the interest of the minor.

(c) If necessary, the court may appoint a temporary guardian, with the status of an ordinary guardian of a minor, but the authority of a temporary guardian shall not last longer than six months.