**STATE of Maine**

v.

**Brian L. PHELPS.**

Supreme Judicial Court of Maine.

Argued Oct. 7, 1994.

Decided Dec. 21, 1994.

Janet Mills, Dist. Atty., Joseph O'Connor (orally), Asst. Dist. Atty., South Paris, for the state.

David W. Austin (orally), Rumford, for defendant.

Before GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

Brian Phelps appeals from a judgment entered in the Superior Court (Oxford County, *Brodrick, J.*) on a jury verdict finding him guilty of aggravated assault, 17–A M.R.S.A. § 208 (Supp.1993). Phelps argues that there was insufficient evidence to establish beyond a reasonable doubt that he had the requisite state of mind, and that the court erred in not suspending the entire sentence. We affirm the judgment.

The evidence presented at trial can be summarized as follows. During a night in June of 1992 a fifteen-year-old boy was confronted by a mob of thirty older youths and challenged to a fight. When he started to run away, Phelps, who had been drinking beer most of the day, chased him into a dark area between two buildings, where the boy

fell over an embankment and seriously fractured his leg. Phelps punched the boy's face and neck as he lay on the ground in pain, and emerged from the dark area with a grin on his face.

The jury found Phelps guilty, and the trial court found that he lacked remorse for his crime. The court sentenced Phelps to the Department of Corrections for two years, with all but four months suspended, and two years probation with a special condition of psychological counseling. The court stated: "I think that's necessary to teach you that this conduct is wrong. You don't really seem to understand that right now."

Phelps argues that the State did not prove beyond a reasonable doubt that he acted intentionally, knowingly, or recklessly in causing serious bodily injury to the boy.[1] Phelps argues, in particular, that (1) he did not know there was a stone wall embankment drop-off in the unlighted area behind the buildings, (2) he did not compel the boy to run between the buildings into the unlighted area, and (3) the boy could well have traversed the drop-off without serious injury.

▮ We "will not overturn a conviction for insufficiency of the evidence unless in reviewing the evidence in the light most favorable to the State, we conclude that the factfinder could not rationally find every element of the criminal charge beyond a reasonable doubt." *State v. Pike*, 632 A.2d 132, 133 (Me.1993). The weight to be given to the evidence and determinations of witness credibility are the exclusive province of the factfinder. *State v. Glover*, 594 A.2d 1086, 1088 (Me.1991).

▮ There was ample evidence to support the jury's finding. The jury rationally could find that Phelps, at least, acted recklessly.[2] Phelps testified that he was going to grab the boy and bring him back to fight. There was testimony that Phelps said, "I'll get the little bastard," and then chased the boy into a dark and unfamiliar area where he suffered a serious injury. The jury rationally could find that Phelps created a risk that the victim would run into something or fall and suffer serious bodily injury. The jury rationally could also find that Phelps consciously disregarded this risk. Finally, the jury rationally could find that "the disregard of the risk, when viewed in the light of the nature and purpose of the [defendant's] conduct and the circumstances known to him, [involved] a gross deviation from the standard of conduct that a reasonable and prudent person would observe in the same situation." 17-A M.R.S.A. § 35(3)(C) (1983).

Turning now to the sentence, we review the trial court's determination of the offender's basic period of incarceration for misapplication of principle. *State v. Hewey*, 622 A.2d 1151, 1155 (Me.1993). Here, Phelps does not challenge the trial court's determination that the basic period of incarceration should be two years.[3]

▮ Recognizing the trial court's superior position for evaluating the circumstances of the offender, we accord greater deference to the trial court's determination whether to increase or decrease the basic period of incarceration in arriving at the maximum period of incarceration and whether to suspend any portion of the maximum period of incarceration in arriving at the final sentence. *Hewey*, 622 A.2d at 1155. Phelps committed a senseless act of violence that resulted in serious injury to a fifteen-year-old boy.

1. 17-A M.R.S.A. § 208 provides, in part:
   1. A person is guilty of aggravated assault if he intentionally, knowingly, or recklessly causes:
      A. Serious bodily injury to another.

2. *17-A M.R.S.A. § 35(3) provides:*
   3. "Recklessly."
      A. A person acts recklessly with respect to a result of his conduct when he consciously disregards a risk that his conduct will cause such a result.
      B. A person acts recklessly with respect to attendant circumstances when he consciously disregards a risk such circumstances exist.

   C. For purposes of this subsection, the disregard of the risk, when viewed in light of the nature and purpose of the persons's conduct and the circumstances known to him, must involve a gross deviation from the standard of conduct that a reasonable and prudent person would observe in the same situation.

3. Aggravated assault, a class B crime, carries a statutory limit of incarceration of ten years. 17-A M.R.S.A. § 1252(2)(B) (1983).

 

Moreover, Phelps expressed no remorse. Notwithstanding Phelps's spotless record, in these circumstances it was not inappropriate to require Phelps to serve four months in jail.

The entry is:

Judgment affirmed.

All concurring.