STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. CR-99-93
JLH-PEN - 7/13 bcc

FILED AND ENTERED
SUPERIOR COURT

JUL 1 3 2000

PENOBSCOT COUNTY

G. Michael Deering,              )
                                 )
        Petitioner               )
                                 )
            v.                   )        **DECISION AND JUDGMENT**
                                 )
State of Maine,                  )
                                 )
        Respondent               )

DONALD L. GARBRECHT
LAW LIBRARY

JUL 14 2000

In July 1994, the petitioner was indicted for two counts of aggravated trafficking in schedule Z drugs (counts 1 and 2), *see* 17-A M.R.S.A. § 1105; aggravated furnishing of schedule Z drugs (count 3), *see* 17-A M.R.S.A. § 1105; and violation of a condition of release (count 4), *see* 15 M.R.S.A. § 1092. A jury-waived trial was held in August 1996. Prior to trial, the state dismissed count 2, and at the outset of the trial, it dismissed count 4. Ultimately, the court entered a judgment of acquittal on count 1 but convicted the petitioner of count 3. That conviction was ultimately affirmed by the Law Court. *See State v. Deering*, 1998 ME 23, 706 A.2d 582. Based on that conviction, the petitioner filed a petition for post-conviction review. Hearing on the petition was held on May 6, 2000. The petitioner was present with counsel.

**1. Ineffective assistance of counsel (grounds 1,2 and 3)**

1

In the first two grounds of his petition, the petitioner alleges that trial counsel failed to conduct an adequate investigation, failed to "locate, interview or subpoena one single witness," and failed to call witnesses at trial. In order to establish a denial of the constitutional right to effective assistance of counsel, a post-conviction petitioner must prove (1) that there has been "serious incompetency, inefficiency or inattention of counsel-performance of counsel which falls. . .below that which might be expected from an ordinary fallible attorney", and (2) that the ineffective representation "likely deprived the defendant of an otherwise available substantial ground of defense[]." *State v. Brewer*, 699 A.2d 1139, 1143-44 (Me. 1997).

Prior to trial, the petitioner advised trial counsel of a number of potential witnesses. At various times, the two discussed those witnesses. Trial counsel did contact several -- but not all -- of them.

At trial, the petitioner called James Cough as a witness.[1] Cough testified that he had used the petitioner's vehicle the day prior to the alleged offense date itself and had placed marijuana in a dashboard compartment. Cough stated that the marijuana was his and not the petitioner's. He also testified that as far as he knew, the petitioner was not aware that he (Cough) had placed the marijuana in the compartment. Here, the petitioner argues that trial counsel failed to arrange for the testimony of "five or six" people who observed Cough put the marijuana in

---

[1] Based on the letters that the petitioner sent to trial counsel and on the petitioner's testimony in this case, Cough was not one of the people he mentioned to trial counsel.

2

the car.[2]

As the second of the *Brewer* elements is applied in this context, the petitioner bears the burden of proving by a preponderance of the evidence that trial counsel's failure to call witnesses who would have corroborated Cough's testimony deprived him of an "otherwise available substantial ground of defense." 699 A.2d at 1143. In other words, the petitioner must establish that he was prejudiced by this failure. Here, he has failed to do so. The only evidence of the prospective testimony of these potential witnesses is found in the petitioner's own testimony. Based on Cough's trial testimony, it is clear that the petitioner himself was not present when Cough put the marijuana in the compartment. Thus, the petitioner's information about the prospective testimony of the other witnesses is necessarily based on hearsay.[3] This diminishes the probative weight of *his* testimony regarding *their* observations. The potential trial witnesses did not testify at the hearing in this proceeding: the court had no opportunity to observe the quality of their testimony, and their accounts were not tested by the process of cross-examination. It is thus impossible to establish reliably what they saw, and one cannot determine the probative weight any such testimony would have carried at trial.

It is significant here that in its findings based on the trial evidence,

---

[2]When Cough testified at trial, he was not asked and did not volunteer whether others were in a position to see his conduct the day before the petitioner was arrested for the drug violation.

[3]The alternative is that the petitioner has personal knowledge of what those witnesses saw. That would mean that the petitioner was present when Cough placed the marijuana in the dashboard compartment. This, however, is contrary to Cough's testimony and would undermine the entire defense urged here by the petitioner.

3

the trial court found Cough's testimony to be unreliable.[4] Particularly in light of the circumstances noted below, nothing in the present record shows persuasively that the testimony of the additional witnesses would have been sufficiently believable to raise a reasonable doubt about the allegations in count 3 of the indictment. Rather, on this record, one can only speculate about the effect that those witnesses would have had on the outcome of the proceeding.[5]

There is no suggestion here that the prospective testimony of these potential witnesses would provide substantive information that exceeded Cough's. Thus, at best, that testimony would have been cumulative. Without some showing here that these witnesses would have provided a credible version of Cough's testimony, relief cannot be granted to the petitioner.

Additionally, the petitioner has failed to establish that these potential witnesses were available to testify at trial. *See Doucette v. State,*

---

[4]The court noted:

> putting it in a nutshell, I do find that his [Cough's] testimony is rather patently incredible. He was one of the most nervous and apprehensive witnesses I think I've ever seen. He was visibly shaking on the stand up here and after every question would cast a furtive, apprehensive glance over at the defendant. Seeing him in profile has, I think, made it all the more clear to me. He was one very uptight witness. His answers were elusive in many instances. It simply lacked common sense, credibility, and accordingly I give that testimony the weight to which it's entitled.

[5]One of the witnesses the petitioner suggested to his trial counsel was Vincent Brooks. In fact, the state called Brooks as its own witness, and Brooks provided evidence that turned out to be damaging to the petitioner. Trial counsel interviewed Brooks prior to trial and was learned from that contact that Brooks' testimony would not be helpful. This circumstance provides further support for the conclusion that at the very least, the petitioner has failed to prove here that the people who did not testify would have assisted the petitioner's cause at trial.

4

463 A.2d 741, 747 (Me. 1983). Indeed, prior to trial, the petitioner expressed some doubt about their availability. For example, in a June 1996 letter to counsel, the petitioner wrote that because of his incarceration, he had been unable to "maintain contact with witnesses, those of whom, have not already died, are nearly impossible to track down or locate, and I would imagine that most, if not the majority have lost the inclination and/or interest to testify in or on my behalf." *See* petitioner's exhibit 1. More than a month later and less than four weeks prior to trial, the petitioner filed a pro se motion to dismiss, stating: "Two of the **'defendant's witnesses,'** have died during the two years since this case has commenced. Over **'75% of his witnesses'** will not be able to appear if subpoenaed, nor recall 'accurately relevant facts' on the **'night in question.'**" *See* Motion for Dismissal entered August 2, 1996. (Emphasis in original.) Additionally, at the post-conviction hearing, the petitioner testified that because of his pretrial incarceration, he was not sure if those witnesses were available for trial.

Based on the hearing record here, the court finds that the petitioner has not shown that the additional prospective witnesses were available and that the absence of their testimony deprived him of effective assistance of counsel.

The third basis for the petitioner's claim of ineffective assistance of counsel is his argument that the private investigator hired by trial counsel did not submit a report of his investigative work with the court. No such submission is required, and this contention is without merit. He also argues that counsel did not obtain results of any investigative work. However, trial counsel (who worked directly with the investigator and thus

is in the best position to know) in fact coordinated with the investigator and was involved with the investigator's efforts to locate several of the witnesses mentioned by the petitioner. For the reasons noted above, however, the petitioner has failed to prove any prejudice.

Thus, the court finds that, with respect to grounds 1, 2 and 3, the peitioner has failed to prove that if there were any failings of counsel, those failings deprived him of an otherwise available substantial ground of defense. Thus, the court need not and does not address the petitioner's allegation that trial counsel's representation of him was constitutionally infirm.

## 2. Lack of speedy trial (ground 4)

The petitioner next argues that he is entitled to relief here because he was denied his constitutional right to a speedy trial. To the extent that this contention is not coupled with a claim of ineffective assistance of counsel,[6] it fails pursuant to 15 M.R.S.A. § 2128(1); *Raymond v. State*, 467 A.2d 161, 162 n.1 (Me. 1983). *See State v. Hider*, 1998 ME 203, ¶¶ 15-21, 715 A.2d 942, 947-48 (on direct appeal, consideration of speedy trial issue).

If the petition is construed to allege that the petitioner was deprived of his speedy trial rights due to the conduct of his attorneys, it also fails. The prejudice he alleges is the loss of witness testimony through the death of witnesses and the loss of memory. Even seen in this way, for the reasons discussed above, the petitioner has not shown that the loss of that testimony likely deprived him of a defense. Further, much of the delay

---

[6]In his petition, the petitioner bases this claim on "due process," in contrast to counts 1-3, which are labelled "ineffective assistance of counsel."

6

was attributable to the fact that a number of successive attorneys represented the petitioner. None of the delay has been established here as the product of ineffective assistance by any of them.

### 3. Disposition of cash bail (ground 5)

Because bail issues are cognizable on direct appeal, *see State v. Sargent*, 553 A.2d 219 (Me. 1989) (mem.dec.); *State v. Ellis*, 272 A.2d 357 (Me. 1971), *cert. denied*, 404 U.S. 859 (1971), it cannot provide a basis for relief here. *See* 15 M.R.S.A. § 2128(1); *Raymond*, 467 A.2d at 162 n.1. Further, a bail forfeiture order does not constitute a present restraint or impediment, and it thus does not trigger the jurisdictional requirement for post-conviction relief. *See* 15 M.R.S.A. § 2124.

Ground 5 of the petition may also be seen to raise an issue of judicial bias on the part of the motion justice. If so, it cannot provide the basis for relief here because such an issue could have been raised on direct appeal. *See, e.g., State v. Lewis*, 1998 ME 83, 711 A.2d 119; *State v. Marden*, 673 A.2d 1304 (Me. 1996). Even if the merits of this issue could be reached here, it would not avail the petitioner: the record does not show a "deep-seated antagonism rendering a fair judgment impossible." *State v. Rameau*, 685 A.2d 761, 763 (Me. 1996).

### 4. Illegal search and seizure (ground 6)

Finally, the petitioner seeks relief here based on an argument that the state obtained evidence against him in violation of his fourth amendment rights. A suppression hearing was held, and his motion was denied. Here, he claims only that the ruling was incorrect. Such an argument is not cognizable here. *See* 15 M.R.S.A. § 2128(1); *Raymond*, 467 A.2d at 162 n.1.

The entry shall be:

For the reasons set out in the order dated July 12, 2000, the petition for post-conviction review is denied.

Dated:    July 11, 2000

_____
JUSTICE, SUPERIOR COURT

8

OFFICE OF THE DISTRICT ATTORNEY
C. DANIEL WOOD, ASST. D.A.
PENOBSCOT COUNTY COURTHOUSE
97 HAMMOND STREET
BANGOR  ME  04401


JEFFREY TOOTHAKER ESQ
14 HIGH STREET
ELLSWORTH  ME  04605

DONALD L. GARBRECHT
LAW LIBRARY

JUL 14 2000